Joseph ABRAMS and Harold H. Hyman, Petitioners,

v.

Hon. John F. X. McGOHEY, District Judge, Respondent.

No. 25380.

United States Court of Appeals Second Circuit.

Argued Oct. 22, 1958.

Decided Nov. 12, 1958.

---

2. "By the Court: Yes. Don't go outside of the record, Mr. Evans, and I instruct the jury to pay no attention to that remark."

Henry G. Singer, Brooklyn, N. Y., for petitioners, Harry Silver, Brooklyn, N. Y., on the brief.

Arthur H. Christy, U. S. Atty., New York City, for respondent. Earl J. Mc-Hugh, and Paul J. Curran, Asst. U. S. Attys., New York City, of counsel.

Before SWAN and MOORE, Circuit Judges, and KAUFMAN, District Judge.

PER CURIAM.

The petitioners are two of three defendants named in a five count indictment filed in the Southern District of New York. The first two counts charge Abrams and Hyman with attempting to evade income taxes owing by two corporations for 1951 and part of 1952; the third and fourth counts charge them with procuring the presentation of fraudulent tax returns set forth in counts one and two; the fifth count charges a conspiracy with reference to the aforesaid tax evasion matters and names the defendant Berman as co-conspirator. The three defendants were arraigned on July 21, 1958, at which time all entered pleas of not guilty.

The petitioners' motion to transfer the indictment to the Eastern District of New York was made August 25, 1958. It was based upon the amendment to § 3237(b) of Title 18 of the U.S.Code which amendment became effective August 6, 1958 and reads as set forth in the margin.[1] In their election to have the case tried in the Eastern District Abrams and Hyman each stated that he was a resident of that District on every date mentioned in the indictment, and Abrams filed an affidavit that he mailed the income tax returns in Brooklyn for delivery in Manhattan. Defendant Berman filed a consent to the transfer of the fifth count of the indictment, the only count in which he was mentioned.

Concededly the petitioners' motion was made 35 days, not 20 days, after their arraignment. They contended below, and repeat the contention here, that where the arraignment occurred prior to the effective date of the statute, the 20 day limitation of the proviso should be construed to start on August 6, 1958. Judge McGohey rejected this contention and denied the motion on the ground that it was filed too late.

The amendment to § 3237(b) clearly states the terms under which a defend-

1. "'(b) Notwithstanding subsection (a), where an offense involves use of the mails and is an offense described in section 7201 or 7206(1), (2), or (5) of the Internal Revenue Code of 1954 (whether or not the offense is also described in another provision of law), and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed: Provided, That the motion is filed within twenty days after arraignment of the defendant upon indictment or information.'"

ant may avail himself of the election; there is no ambiguity in the statute. Had Congress intended to give additional time to defendants arraigned before the statute became operative, the statute could readily have been drawn to cover such cases. It was not so drawn and there are sound reasons for not having done so. The arraignment might have occurred months or even years before, pre-trial or other orders might have been made or testimony taken at a partially completed trial; to avoid the possibility of having to transfer a lengthy record it was reasonable to limit the period of election to 20 days after arraignment. We agree with Judge McGohey's construction of the statute.

■ The power to grant the extraordinary writs of prohibition or mandamus should be exercised only when the right asserted is clear and unequivocal. It is not to be used as a method of appealing from an interlocutory order not made appealable by statute. These principles are too well established to require the citation of authorities. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, cited by petitioners as authority for issuance of the writ in the present case is not in point. It involved a transfer under 28 U.S.C.A. § 1404(a) to another district where the defendants were not amenable to process and any judgment which the court might enter would be void. In the case at bar the district court retained jurisdiction and its jurisdiction to try the indictment pending against the petitioners is clear. The present application for the writs is merely an attempt to obtain a review of a non-appealable interlocutory order. Indeed, the petition states that "A notice of appeal is being filed by the petitioners merely to protect their rights * * *" although they "are advised by their counsel that upon principle and authority such appeal does not lie, * * *"

Since we agree with Judge McGohey that the motion was too late, it is unnecessary to pass on the respondent's contention that the offense charged was not one "involving the use of the mails" within the meaning of § 3237(b).

Application for the writs is denied, and the appeal is dismissed.