Floyd RINKER, Appellant,

v.

LOCAL UNION NO. 24 OF AMALGAMATED LITHOGRAPHERS OF AMERICA, an Unincorporated Labor Association, Affiliated With the AFL-CIO, Amalgamated Lithographers of America, an Unincorporated Internal Labor Association, William G. Johnston Company, a Corporation, Theodore T. Meyers, Individually and as President of Local Union No. 24, Frank M. Rogers, Individually and as Financial Secretary of Local Union No. 24, and Paul Keller, Appellees.

No. 13978.

United States Court of Appeals Third Circuit.

Argued Nov. 9, 1962.

Decided Feb. 19, 1963.

James A. Ashton, Pittsburgh, Pa., for appellant.

A. W. Forsyth, Jr., Pittsburgh, Pa. (J. R. Van Kirk, Tener, Van Kirk, Wolf & Moore, Pittsburgh, Pa., on the brief), for employer appellee William G. Johnston Company.

James Craig Kuhn, Jr., Pittsburgh, Pa. (Arnold D. Wilner, Wilner, Wilner & Kuhn, Pittsburgh, Pa., on the brief), for Union appellee (Local No. 24).

Before GANEY and SMITH, Circuit Judges, and AUGELLI, District Judge.

AUGELLI, District Judge.

The appeal in this case must be dismissed because the order from which the appeal is taken lacks finality and was not entered in accordance with the provisions of Rule 54(b) of the Federal Rules of Civil Procedure.

The action is one under the Labor-Management Reporting and Disclosure Act of 1959 [LMRDA], 29 U.S.C.A. § 401 et seq.

The complaint is in two counts. Plaintiff, Floyd Rinker, is a former member of defendant Local Union No. 24 of Amalgamated Lithographers of America (Local 24) and a former employee of defendant William G. Johnston Company, which had a collective bargaining agreement with Local 24. Other defendants are the international union of Amalgamated Lithographers of America and certain named officers of Local 24.

In the first count, which is directed against the labor unions, international and local, and officers of the latter, plaintiff alleges he was expelled from union membership in violation of the procedural safeguards against improper disciplinary action provided by section 101(a) (5) of LMRDA, 29 U.S.C.A. § 411(a) (5).

In the second count, which is directed against all defendants, plaintiff alleges that he was fired from his job with the Johnston Company as a result of a conspiracy between the union defendants and his employer.

The complaint asks for the following relief:

As against the defendant unions plaintiff seeks restoration of his union membership;

As against his employer Johnston Company, restoration to his former position with the company;

As against all defendants, restoration of all pay and allowances plaintiff would have earned since his discharge; and also, punitive damages.

In the court below, the Johnston Company moved for dismissal of the complaint as to it, and the other defendants moved for summary judgment on Count Two of the complaint. Both motions were predicated on lack of jurisdiction. The opinion of the lower court disposing of the motions (Rinker v. Local No. 24, etc., D.C.,) is reported in 201 F.Supp. 204 (1962). The present appeal is from the order entered pursuant to that opinion. The order reads:

"AND NOW, THIS 26 day of January, 1962, motion of William G. Johnston Company, a corporation,

defendant, to dismiss the complaint as to said defendant will be and hereby is granted.

"Motion of Local Union No. 24 of Amalgamated Lithographers of America, an unincorporated Internal Labor Association, et al., defendant, for summary judgment as to Count Two of the complaint will be and hereby is granted."

We do not make any determination of the questions raised by the parties on this appeal because we are of the view that the order of January 26, 1962 is not appealable at this time. Said order does not adjudicate all the claims and the rights and liabilities of all the parties to the litigation, nor does it contain any express determination or direction that final judgment be entered as to any particular claim or party. Count One is still in the case, and the record discloses that the hearing on that count is being held in abeyance pending the outcome of the appeal to this Court.

Rule 54(b) of the Federal Rules of Civil Procedure, in pertinent part, provides:

"When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Thus, an order which is not fully dispositive of a case, or which is not entered in conformity with Rule 54(b), is not final, and therefore generally not appealable. 28 U.S.C.A. § 1291; cf. 28 U.S.C.A. § 1292. Since the record here does not disclose that the court below made any of the determinations required by Rule 54(b) with respect to the order entered on January 26, 1962, no final judgment exists from which plaintiff may appeal at this time. Carey v. Danecki, 289 F.2d 314 (3 Cir., 1961); Etten v. Kauffman, 179 F.2d 302 (3 Cir., 1950).

Accordingly, the appeal will be dismissed for lack of jurisdiction.