NORTE & CO., Plaintiff-Appellant,

v.

DEFIANCE INDUSTRIES, INC.,
Defendant-Appellee,

and

R. L. Huffines, Jr., Victor Muscat, L
F. Serrick, Alfred O'Gara and Ed-
ward Krock, Defendants.

Nos. 27999, 28160.

United States Court of Appeals
Second Circuit.

Argued June 4, 1963.

Decided June 26, 1963.

Simon Rosenzweig, New York City
(Milton Paulson, New York City, on the
brief), for plaintiff-appellant.

Frederick P. Glick, New York City,
on the brief for defendant-appellee.

Before LUMBARD, Chief Judge,
CLARK, Circuit Judge, and BARTELS,
District Judge.

LUMBARD, Chief Judge.

In this stockholder's derivative suit,
the plaintiff appeals from an order of
the United States District Court for the
Southern District of New York quash-
ing service of process on Defiance In-
dustries, Inc., the corporation in behalf
of which the suit is brought, nominally
a party defendant. The real defendants
are directors of Defiance, who are
charged in the complaint with waste and
misappropriation of corporate assets.
This appeal has been consolidated with
the plaintiff's petition for a writ of man-
damus to the court below to vacate the
order quashing service. We dismiss the
appeal and deny the petition.

The plaintiff, a partnership all the
members of which are residents of New
York, served process on Defiance, an
Ohio corporation not licensed to do or

doing business in this state, pursuant to 28 U.S.C. § 1695, which provides for extraterritorial service of process on the corporation in derivative suits.[1] None of the real defendants is a resident of New York and none has been served except one Huffines, who was served while present here. The basis for venue in the Southern District of New York is 28 U.S.C. § 1391(a), that district being one "where all plaintiffs * * * reside." Since neither the corporation nor the real defendants were residents of New York, venue could not be laid under 28 U.S.C. § 1401, which provides: "Any civil action by a stockholder on behalf of his corporation may be prosecuted in any judicial district where the corporation might have sued the same defendants." In the district court, Judge Palmieri granted the motion to quash service on Defiance on the ground that § 1695 made extraterritorial service on an out-of-state corporation available only in those derivative suits in which venue was laid under § 1401 and not in suits in which venue was laid under § 1391. He thus answered in the negative the question left open by us in Lavin v. Lavin, 182 F.2d 870, 873, 18 A.L.R.2d 1017 (2 Cir.1950). Since we dismiss this appeal for lack of jurisdiction and find that, whatever the answer to the substantive issue, there is no reason to issue a writ of mandamus, we have no occasion to review on the merits Judge Palmieri's ruling.

█ Rule 54(b), Federal Rules of Civil Procedure, leaves no doubt that the order quashing service on Defiance was not a final, appealable order. That rule provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."[2]

Although the order quashing service on Defiance, an indispensable party to this suit, calls a halt to further prosecution of the complaint, the litigation remains pending below against Huffines. No final judgment has been entered. Cf. Sosa v. Royal Bank of Canada, 134 F.2d 955, 956 (1 Cir.1943). Were we to hear this appeal, whatever our decision on the merits, the case would still be pending in the district court for the entry of a final judgment.

The plaintiff does not explain its failure to seek a final judgment under Rule 54(b), except to point out the futility of attempting to proceed against Huffines alone. But since Rule 54(b) is expressly designed to permit the entry of a judgment where "there is no just reason for delay," the absence of any reason to continue the proceedings below points to the necessity for compliance with the rule rather than disregard of it. See Miles v. Chandler, 297 F.2d 690 (9 Cir. 1961); Luckenbach Steamship Co. v. H. Muehlstein & Co., 280 F.2d 755, 757 (2 Cir.1960).

██ For similar reasons, there is no warrant for us to issue a writ of mandamus. This extraordinary remedy may not be used to secure interlocutory re-

---

1. "Process in a stockholder's action in behalf of his corporation may be served upon such corporation in any district where it is organized or licensed to do business or is doing business." 28 U.S.C. § 1695.

2. As amended, effective July 19, 1961.

view of disputed questions of law which can be reviewed in the ordinary way on appeal. E. g., Roche v. Evaporated Milk Association, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); Abrams v. Mc-Gohey, 260 F.2d 892, 894 (2 Cir.1958); compare Luckenbach Steamship Co., supra, 280 F.2d at 757. Moreover, we are not disposed to inquire into the necessity for such action where the aggrieved party has not even sought to follow the procedure available under Rule 54(b).

Appeal dismissed. Petition for writ of mandamus denied.