W. E. RICHARDSON, Appellant,

v.

UNITED STATES of America and Don's Chemical Company, Inc., Appellees.

No. 19048.

United States Court of Appeals
Ninth Circuit.

Sept. 9, 1964.

James K. Tallman, Anchorage, Alaska, for appellant.

Warren C. Colver, U. S. Atty., Russel Holland, Asst. U. S. Atty., Anchorage, Alaska, for appellee United States.

James J. Delaney, Jr., Delaney, Wiles & Moore, Anchorage, Alaska, for appellee Don's Chemical Co. Inc.

Before MADDEN, Judge, Court of Claims, and MERRILL and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

Richardson appeals, by a single notice of appeal, from an order dismissing his complaint as to the defendant United States of America, and from a separate, and later, order dismissing his complaint as to the defendant Don's Chemical Company, Inc. (Don's). We have reluctantly concluded that the appeal must be dismissed, as to both orders.

The complaint is in two counts. The first is against the United States under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671 and 2674). It alleges that the plaintiff, a citizen and resident of Alaska, was employed by the United States at Anchorage as a cartographer

draftsman in the Bureau of Land Management. It further alleges that the United States negligently failed to maintain a safe place for Richardson to work by permitting carbon tetrachloride and other dangerous and toxic substances to be released in the air around the drafting tables where he worked, causing him injury.

The second count is against Don's. It repeats the allegations of the first count, alleges that Don's is an Alaska corporation, that the amount in controversy is more than $10,000, and that the claim against Don's arises "by virtue of the tort claim involving the United States." It alleges that Don's negligently furnished to the Bureau of Land Management carbon tetrachloride and chlorothene in containers that were "improperly marked, as required [sic] by the regulations of the Federal Food and Drug Administration." It also alleges that the containers did not indicate the dangerous nature of the substances that they contained and did not warn users of the necessity of avoiding contact with these substances either through breathing or through the skin.

Don's answered, admitting the allegations that plaintiff was a citizen and resident of Alaska and that Don's is an Alaska corporation, but denying all other allegations. The United States filed a motion to dismiss on the ground that no claim was stated against it under the Federal Tort Claims Act.

 The order of dismissal granted in response to the motion of the United States reads:

"IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the plaintiff's complaint be dismissed as to the defendant, United States of America."

On its face, this is not an appealable order. It dismisses the complaint, not the action. Under rule 15(a), F.R.Civ.P., no "responsive pleading" having been filed, Richardson would have a right to amend. A motion to dismiss for failure to state a claim is not a "responsive pleading." (Breier v. Northern California Bowling Proprietors' Association, 9 Cir., 1963, 316 F.2d 787.) Ordinarily, an order granting such a motion to dismiss the complaint is not appealable. (Turnbull v. Cyr, 9 Cir., 1950, 184 F.2d 117; Williams v. Peters, 9 Cir., 1956, 233 F.2d 618; Merritt-Chapman & Scott Corp. v. City of Seattle, 9 Cir., 1960, 281 F.2d 896; Javor v. Brown, 9 Cir., 1961, 295 F.2d 60; Marshall v. Sawyer, 9 Cir., 1962, 301 F.2d 639.)

 Moreover, the order does not dispose of the action. The second count, against Don's, was not affected. It remained pending and at issue. In such a case, unless the court makes the determination provided for in rule 54(b), F.R. Civ.P., its order dismissing, as to only one party, even though it dismisses the action (as distinguished from the complaint), is not appealable as a "final decision" under 28 U.S.C. § 1291. (Russell v. Cunningham, 9 Cir., 1960, 279 F.2d 797, 805; Russell v. Hackworth, 9 Cir., 1956, 233 F.2d 503). Thus, even though we might find that "special circumstances," such as are mentioned in Marshall v. Sawyer, supra, exist, we would still be required to dismiss the appeal.[1]

The second order that the court made, relating to the second count, which is against Don's alone, does not cure the difficulty. It reads:

"Complaint ordered dismissed with leave granted plaintiff to amend within twenty days to state a claim under the Pure Food and Drug Act, especially Sec. 1337 of Title 28."

---

1. We come to this conclusion reluctantly, because Richardson has no possible claim against the United States under the Federal Tort Claims Act. He is precluded by 5 U.S.C. § 757(b). (Thol v. United States, 9 Cir., 1954, 218 F.2d 12) That section makes his remedy under the Federal Employees' Compensation Act "exclusive, and in place, of all other liability of the United States * * * in any direct judicial proceedings in a civil action * * * under any Federal tort liability statute."

This is not a final disposition of the matter. Richardson filed his notice of appeal before the expiration of the twenty days in which he could amend. No judgment of dismissal was entered. In these circumstances the appeal is premature. See Merritt-Chapman & Scott Corp. v. City of Seattle, supra, 281 F.2d at 899–900.

The appeal is dismissed.