398 P.2d 919

**Sol BLACKMAN and Carol E. Blackman, husband and wife, Appellants,**

v.

**ASSOCIATES LOAN COMPANY, an Indiana corporation, Appellee.**

**No. 2 CA–CIV 52.**

Court of Appeals of Arizona.

Feb. 9, 1965.

Ted Pedersen, Tucson, for appellants.

Ross, Arveson & Ross, by Benjamin S. Hoar, Tucson, for appellee.

MOLLOY, Judge.

This is an appeal from a minute entry order of September 24, 1962, denying a motion to quash a writ of garnishment.

The particular writ in question is said in the appellant's statement of facts to have been issued prior to judgment, and to have contained some notification to the garnishee, First National Bank of Arizona, that the plaintiff contended that an account standing in the name of "Door to Door Delivery Service" was property of the defendants. Neither the affidavit on garnishment nor the writ of garnishment is included in the abstract of record, so the court is unable to ascertain the exact nature of this purported notice.

The suit out of which the writ is issued is one on a promissory note and the default of the defendants for failure to answer was entered on September 10, 1962. An answer was filed by the appellants on September 11, 1962. As far as appears from the record before this court, there has been no motion to set aside default, nor has any judgment been entered upon the complaint.

The appellants contend that the denial of the motion to quash was erroneous, because the bank account in question was a partnership bank account, not the sole property of the defendants, and that therefore the subject bank account could not be garnisheed by the plaintiff, a creditor of the defendants. There was an affidavit of the defendants filed in support of their motion to quash and a controverting affidavit to the effect that the defendants were the only

persons authorized to draw upon the subject account and that, upon information and belief, the bank account was a "secret refuge" of the community assets of the defendants.

The appellants contend that the subject order is an appealable order under the provisions of A.R.S. § 12–2101F(3), which provides that an appeal may be taken from an order: "Dissolving or refusing to dissolve an attachment or garnishment".

The subject order is a "judgment" under Rule 54(a), Rules of Civil Procedure, 16 A.R.S. As such, it must be in writing and signed by the judge in order to be effective. Rule 58(a), Rules of Civil Procedure.

In State v. Birmingham, (1964) 96 Ariz. 109, 392 P.2d 775, 777, the law is laid down as follows:

> "It is our conclusion, therefore, that in all those instances specified as appealable in A.R.S. § 12–2101 no order of the superior court is effective until the action taken complies with the directions prescribed in Rule 58(a)."

In the Birmingham case, supra, the court retained jurisdiction of the case, because of the wide public interest of the question involved. In this case the court sees no such wide public interest, and therefore is, on its own motion, dismissing this appeal.

In passing, the court would like to say that there are several reasons for the subject rule. In the Birmingham case, Justice Struckmeyer sets forth with clarity the principal reasons for the subject rule. We add only one. On the trial bench, there are many orders made for the purpose of requiring litigants to clarify pleadings and not for the purpose of finally disposing of litigation. There is nothing shown in this record, for instance, that the trial court intended that its ruling would finally dispose of the contention of these appellants that the subject bank account was a partnership one and hence not subject to writ of

garnishment in this action. To the contrary, it seems obvious that there is a factual issue to be tried.

If a trial court is required to sign a judgment, he is alerted to the situation that this may be an order finally disposing of the case by the lower court. It is one more safeguard against appealable error.

None of the foregoing should be taken to mean that the court believes that the trial court was in error in denying this particular motion to quash. As to this, the court is not expressing any opinion, and, for the reasons above stated, this appeal is hereby dismissed.

KRUCKER, C. J., and HATHAWAY, J., concur.