418 P.2d 395

**Westbrook PEGLER and Maud Pegler, husband and wife, Appellants,**

v.

**Ed SULLIVAN and Random House, a corporation, Appellees.**

**2 CA–CIV 221.**

Court of Appeals of Arizona.

Sept. 27, 1966.

Motions for Rehearing and to Accelerate Denied Nov. 17, 1966.

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellants.

Chandler, Tullar, Udall and Richmond, by Thomas Chandler, Tucson, for appellees.

PER CURIAM.

Appellants, plaintiffs below, instituted a tort action for invasion of privacy in superior court, Pima County, Arizona, against several named defendants including Ed Sullivan and Random House, Inc. The latter defendants individually moved the lower court, inter alia, to dismiss the action because of insufficiency of service of process. After a hearing on said motions, the court entered an order dismissing the action as to defendants Ed Sullivan and Random House, Inc. From this order the plaintiffs have prosecuted this appeal.[1]

With certain exceptions not pertinent here, the statutory jurisdiction of this court is confined to appeals from *final judgments*. A.R.S. § 12–2101. Notwithstanding the fact that no challenge has been interposed to our jurisdiction, it remains our duty to raise the question of our jurisdiction to entertain this appeal. Ginn v. Superior Court, In and for County of Pima, 1 Ariz.App. 455, 457, 404 P.2d 721 (1965);

---

1. The notice of appeal filed by the plaintiffs additionally designates certain minute entry orders which fail to comply with the requirements of Rule 58(a), A.R.C.P., and are therefore not effective for purposes

of appeal. State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964); Blackman v. Associates Loan Company, 1 Ariz.App. 11, 398 P.2d 919 (1965).

Christian v. Cotten, 1 Ariz.App. 421, 423, 403 P.2d 825 (1965).

Rule 54(b), A.R.C.P., 16 A.R.S., provides, in pertinent part, that when multiple parties are involved, the court may direct the entry of *final judgment* as to one or more but fewer than all of the parties. only upon the express determination that there is no just reason for delay and upon an .express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to *any* of the parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating the rights and liabilities of all the parties.

 Attention should be called to the fact that the foregoing rule was modified by amendment[2] to cover situations when "multiple parties" are involved and to authorize entry of judgment as to fewer than "all the parties" only on the basis of an express determination and direction. Since the subject order dismissing the action as to fewer than *all* the defendants did not contain an express determination that there was no just reason for delay and an express direction for entry of final judgment pursuant to Rule 54(b), A.R.C.P., the order is not a final judgment within the meaning of A.R.S. § 12–2101 and is not appealable.

Miles v. City of Chandler, 297 F.2d 690 (9th Cir. 1961); Richardson v. United States, 336 F.2d 265 (9th Cir. 1964); Norte and Co. v. Defiance Industries, Inc., 319 F.2d 336 (2d Cir. 1963); Rinker v. Local Union No. 24 of Amalgamated Lithographers, 313 F.2d 956 (3d Cir. 1963); Cf. Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961).

Appeal dismissed.

NOTE: Judge KRUCKER, having requested that he be relieved from consideration of this matter, did not participate in this decision.

On Motions for Rehearing and to Accelerate

PER CURIAM.

Appellants having filed a Motion for Rehearing and a Motion to Accelerate on Calendar, it is

Ordered that the Motion for Rehearing and Motion to Accelerate on Calendar be, and they hereby are, denied.

See 2CA–CIV 308, The City of Tucson, a municipal corporation, Appellant, v. Jennie Wondergem, surviving spouse of Peter Wondergem, deceased, Appellee, opinion, filed November 2, 1966 [4 Ariz.App. 291, 419 P.2d 552].

**2.** Amended July 14, 1961, effective on and after midnight October 31, 1961.