726 P.2d 625

**David ALTMAN,
Plaintiff-Counterdefendant-Appellant,**

**v.**

**H. Lynn ANDERSON dba Fennemore
Farms; and Ronald T. Wheat,
Defendants-Counterclaimants-Appellees.**

**Nos. 1 CA–CIV 7783, 1 CA–CIV 8140.**

Court of Appeals of Arizona,
Division 1, Department A.

July 10, 1986.

210

David N. Ramras, P.C. by David N. Ramras, Phoenix, for plaintiff-counterdefendant-appellant.

Gust, Rosenfeld, Divelbess & Henderson by Michael L. McAllister, Brian Holohan, Phoenix, for defendants-counterclaimants-appellees.

KLEINSCHMIDT, Judge.

David Altman challenges the trial court's ruling in favor of the appellees on the parties' respective motions for summary judgment. He also appeals the court's refusal to set aside judgment. We affirm.

The appellant, David Altman (landlord), purchased a farm in Maricopa County from Citrus Lane Farms. The sale took place in 1979 but was subject to a five-year lease that Citrus Lane Farms had entered into in 1975 with the appellees (tenants). When the lease expired in 1980 it was renewed for an additional year by oral agreement. The tenants vacated in 1981.

The dispute concerns the ownership of certain equipment used for pumping water from a well on the property. The equipment consists of shafts and tubing through which water flowed and bowls which sucked water from the ground. The shafts, tubing, and bowls were attached to an electric motor which was mounted on a concrete base. When the tenants vacated the land in 1981, they took with them the 240 feet of shafts and tubing which they had added to the well at their own expense. The bowls remained on the property. The landlord sued for the return of the shafts and tubing, and the tenants countersued for possession of the bowls.

In his motion for summary judgment, the landlord consistently took the position that the wording of the lease entitled him to ownership of the well equipment as a matter of law. The pertinent section of the lease, paragraph 13, reads:

13. Lessee shall make no alterations or build any improvements on the demised premises without the written consent of Lessor; and unless otherwise specified, such improvements shall at once become the property of Lessor and be surrendered to Lessor upon termination of this lease.

The landlord argued that since the well equipment was an improvement to the land, he was entitled to it under the terms of the lease. The tenants asserted that the term "improvement" did not include the disputed well equipment and that the contract defied interpretation without reference to extrinsic evidence regarding the intent of the parties. Accordingly, the tenants submitted affidavits in support of their contention that the parties to the lease intended that the well equipment remain their property. One such affidavit was from Sidney Smith, the landlord's property manager at the time the lease was executed. Smith stated that it was the intention of the parties that any additions to the well equipment would remain the tenant's property. The landlord did not dispute the substance of the proffered affidavits, asserting instead that such evidence violated the parol evidence rule.

The trial court found in the tenants' favor in October 1983, holding that "the items in dispute are adjuncts to the pumping equipment, and are not improvements built on the land." Final judgment was

deferred until January 1984, after a trial limited to the issue of damages. In July 1984, the landlord filed a motion to set aside the judgment on the basis of a new affidavit from Sidney Smith, who claimed his first affidavit was incorrect and that, in fact, the parties to the lease intended the well equipment to become the property of the landlord. Smith explained that at the time he signed the first affidavit he had been retired for some time and did not have access to his files, a review of which revealed the true intent of the parties. The motion was filed pursuant to Rule 60(c)(1), (3), and (6), Arizona Rules of Civil Procedure, appellant claiming relief from judgment on the basis of mistake, fraud, or any other ground justifying relief. In ruling on the motion the trial judge found that there was no fraud on the tenants' part, and that Smith's incorrect affidavit was at best a mistake, which might trigger Rule 60(c)(1). She denied the motion as untimely, however, because although it was filed within six months of final judgment, it was not filed within six months of her interlocutory order granting summary judgment in favor of the tenants on the issue of liability.

## THE LEASE WAS AMBIGUOUS

The first issue on appeal, whether or not the court correctly granted appellees summary judgment, turns on whether the lease is ambiguous. This depends on whether the equipment is an improvement as a matter of law.

■ Different jurisdictions have arrived at different interpretations as to what constitutes an improvement. One line of cases relied on by the landlord holds that any addition, alteration, or repair to the leased premises is an improvement. *See, e.g., Realty Dock & Improvement Corp. v. Anderson*, 174 Cal. 672, 677, 164 P. 4, 7 (1917). Another view, embraced by tenants and apparently adopted by the trial court, holds that an improvement is that which, by its manner of affixture, becomes part of the real estate, thereby enhancing the value of the real estate and making removal of the improvement without damaging the land

impossible. *See, e.g., Campbell v. Pollack*, 101 R.I. 223, 228, 221 A.2d 615, 618 (1966). We reject the landlord's approach, that any change is an improvement, as overbroad. We also reject the tenants' approach because it overemphasizes factors, such as methods of construction and removal, which may not reflect the parties' presumed intent as to whether a particular item is an improvement. We think the best approach, at least under the facts before us, is to recognize that the word "improvement" has no definite and fixed meaning, that it is a relative and comprehensive term whose meaning in a particular case must be ascertained from the context and the subject matter of the instrument in which it is used. *Cities Services Gas Co. v. Christian*, 340 P.2d 929, 935 (Okl.1959). *See also* 42 C.J.S. *Improvement* at 416 (1944).

■ The lease in this case gives little guidance as to whether the parties regarded the well equipment as an improvement. Paragraph 8 required the tenants to keep improvements on the land in good repair, but did not specify whether well equipment fell within its purview. Paragraph 11 required the tenants to maintain all engines, pumps, and well equipment on the property, giving rise to the inference that such items were not improvements because if they were, their upkeep would be required by paragraph 8 thus making paragraph 11 redundant. This leads to the conclusion that paragraphs 8 and 11 were probably drafted without regard one for the other. The lease is either silent or ambiguous as to whether the parties intended well equipment to be an improvement. Therefore, extrinsic evidence was admissible to clarify the ambiguity.

## APPLICATION OF RULE 60(c)

■ The next issue is whether the trial judge properly denied the landlord's Rule 60(c) motion to set aside the judgment after Sidney Smith's first affidavit had been revealed as incorrect. We agree with the landlord, as do the tenants, that the court erred in finding that the motion was untimely. The six-month limitation on the

filing of a motion under Rule 60(c)(1) applies only to *final* judgments, orders, or proceedings. A judgment, order, or proceeding is not final until all claims between the parties are disposed of unless the court makes an appropriate express determination that there is no reason for delay and directs entry of judgment as to part of the dispute. Rule 54(b), Arizona Rules of Civil Procedure. Since the trial judge made no such finding in granting summary judgment in October 1983, the judgment became final only when all issues between the parties were disposed of in the final judgment entered in January 1984. Thus, the landlord's motion, which was filed in July 1984, was timely.

Turning to the merits of the Rule 60(c) motion, we accept the trial judge's finding that there was no evidence that the tenants defrauded either the landlord or the court. Thus, the landlord was not entitled to relief under Rule 60(c)(3). Further, for reasons discussed in more detail below, appellant has not produced any evidence which would entitle him to relief under the catch-all provision of Rule 60(c)(6). The principal problem thus becomes an inquiry as to whether Sidney Smith's incorrect original affidavit qualified as a mistake for which the landlord was entitled to relief under Rule 60(c)(1).

Smith's original affidavit was mistaken. But the landlord wholly failed to challenge the assertions made in it, even though he could have uncovered the mistake by undertaking discovery. The landlord's strategy in his motion for summary judgment was to ignore the contents of the affidavit and to rely on the parol evidence rule. Consistent with this strategy, he presented no extrinsic evidence concerning the parties' intent. In presenting extrinsic evidence, including Smith's corrected affidavit, in his motion to set aside the judgment the landlord adopted the position that the parol evidence rule was inapplicable in this case, a position inconsistent with the one he had relied on previously. The landlord employed Smith's mistake to reject his prior unsuccessful strategy and adopt a contradictory one.

We agree with the federal cases which interpret the parallel federal rule, Rule 60(b), Federal Rules of Civil Procedure, and hold that no relief is available on the grounds of mistake to a party who makes an informed choice as to a particular course of action and later seeks to be relieved of the consequences when it subsequently develops that his choice was unfortunate. *See Gray v. Estelle*, 574 F.2d 209, 214 (5th Cir.1978) (failure to discover that trial judge was aware of counsel's conflict of interest was not a mistake that would justify invocation of Rule 60(b)(1)—Rule 60(b)(6) applied on grounds not present here); *Greenspahn v. Joseph E. Seagram & Sons*, 186 F.2d 616, 619–20 (2d Cir.1951) (defendant's failure to discover mistake of fact upon which judgment was based not sufficient to invoke Rule 60(b) where simple investigation of facts would have revealed mistake); *Federal's, Inc. v. Edmonton Investment Co.*, 404 F.Supp. 68, 73 (E.D.Mich.1975) (considered decision to rely on the initiative of another party to file a claim is not a "mistake" but a gamble that did not justify invocation of Rule 60(b)); *Kahle v. Amtorg Trading Corp.*, 13 F.R.D. 107, 108–09 (D.N.J.1952) (plaintiffs who failed to give their attorney pertinent parts of their file which would have forestalled summary judgment could not set aside judgment on grounds of mistake). *See also* 7 *Moore's Federal Practice* § 60.22[2] (1983 ed.). As stated elsewhere:

> '[A] party cannot have relief under Rule 60(b)(1) [identical to Arizona Rule 60(c)(1)] merely because he is unhappy with the judgment. Instead he must make some showing of why he was justified in failing to avoid mistake or inadvertance.... *A defeated litigant cannot set aside a judgment ... because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court.*'

*Mas Marques v. Digital Equipment Corp.*, 637 F.2d 24, 29–30 (1st Cir.1980), *quoting*, with emphasis supplied, 11 Wright & Mil-

ler, *Federal Practice and Procedure* § 2858 (1973 ed.).

One case in which a judgment was set aside because it was based on a mistake of fact relied on the catch-all provision of Rule 60(b)(6) of the federal rules, noting in the process that Rule 60(b)(1) probably would not apply. *Good Luck Nursing Home, Inc. v. Harris,* 636 F.2d 572 (D.C. Cir.1980). In that case, however, the initial judgment was based upon a conceded misconception of fact that made the judgment manifestly unjust. Here, the record does not disclose whether the landlord or his counsel knew of Smith's error and does not disclose whether there is other evidence that would contradict the evidence presented by the tenants in their motion for summary judgment. Nor does the landlord dispute that he could have investigated and secured Smith's corrected evidence in time to defend against the tenants' motion. We cannot say that the judgment is manifestly unjust so as to justify relief under Rule 60(c)(6).

In conclusion, the landlord was not entitled to summary judgment on the basis of the terms of the lease alone. Nothing was presented to the trial judge to contradict appellees' contention that extrinsic evidence demonstrated that the parties intended the well equipment to remain the tenants' property. Such evidence could have been contradicted by the landlord who, consistent with his theory of the case, chose not to do so. Rule 60(c) is not designed to provide a party with an opportunity to relitigate a case on the basis of a theory inconsistent with one previously advanced, when that theory is based upon a mistake of fact that could, by reasonable diligence, have been discovered before judgment was entered. We cannot say that the judgment is a manifest injustice which would justify relief under Rule 60(c)(6).

We have reviewed appellee's request for attorney's fees and, in our discretion, deny the request.

Affirmed.

GREER and CORCORAN, JJ., concur.