NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

AEA FEDERAL CREDIT UNION, a federal credit union, *Plaintiff/Appellee*,

*v.*

T&K ENTERPRISES AUTO SALES & LEASING, LLLP,
*Defendant/Appellant*.

No. 1 CA-CV 14-0511
FILED 12-1-2015

---

Appeal from the Superior Court in Yuma County
No.  S1400CV200901724
The Honorable John P. Plante, Judge

**AFFIRMED**

---

COUNSEL

Garcia, Kinsey & Villarreal, PLC, Yuma
By John S. Garcia, Meghan C. Scott, Brandon S. Kinsey
*Counsel for Appellee*

Schneider & Onofry PC, Yuma
By Jason M. Kelly
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge John C. Gemmill joined.

---

**C A T T A N I**, Judge:

¶1        T&K Enterprises Auto Sales & Leasing, LLLP ("LLLP") appeals the superior court's order denying its motion to set aside two replevin orders.  For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        AEA Federal Credit Union ("AEA") loaned money to Kenneth Stevenson and Maria Stevenson d/b/a T&K Enterprises ("T&K"), a "sole proprietorship," to finance the Stevensons' car dealership.  The Stevensons granted AEA a security interest in their "eligible passenger vehicles," a deposit account, and personal property, including equipment and inventory.

¶3        In 2009, AEA filed a complaint against the Stevensons— individually and d/b/a T&K—alleging breach of contract and various other civil claims and sought the provisional remedy of replevin without notice.  AEA simultaneously filed an application for replevin without notice for vehicles and personal property, which the superior court granted.

¶4        AEA served Maria Stevenson personally, and Yuma County Sheriff's officers seized most of the vehicles identified in the order for replevin.  Upon AEA's supplemental application, the superior court issued an additional supplemental replevin order without notice for vehicles and personal property not previously replevied under the prior order.  AEA then personally served Kenneth Stevenson and T&K.[1]

---

[1]        Although LLLP claims T&K was never served, the record shows a process server served copies of the summons (directed to "T&K Enterprises"), complaint, initial replevin order and requisite statutory notices on T&K by delivering them to Kenneth Stevenson.  LLLP states that T&K was a partnership and Kenneth and Maria Stevenson were its partners.  Under Arizona law, a domestic partnership can be served by

¶5        Neither the Stevensons nor T&K moved to quash the replevin orders or otherwise contested the seizure of the vehicles.   Kenneth Stevenson responded to the complaint, but he did not appear at a one-day bench trial in 2013, and the court entered a deficiency judgment against him.  Maria Stevenson did not respond to the complaint, and the superior court entered a default judgment against her.

¶6        Almost five months after entry of the default and deficiency judgments, LLLP entered a special appearance and moved, under Rule 60(c) of the Arizona Rules of Civil Procedure, to set aside the two replevin orders entered four years earlier.  Specifically, LLLP claimed T&K was actually a partnership (not a sole proprietorship) and Kenneth and Maria Stevenson were its partners, T&K (not the Stevensons) owned the vehicles replevied four years earlier, and AEA never had a security interest in the vehicles.   LLLP urged that the replevin orders were void for lack of jurisdiction and should be set aside based on AEA's alleged fraud on the court.  *See* Ariz. R. Civ. P. 60(c)(4) (authorizing relief from judgment if "the judgment is void"), (6) (catch-all provision to set aside judgment for "any other reason justifying relief").   AEA countered that LLLP, the alleged successor entity to T&K formed months after entry of the final judgment, had no standing to challenge the replevin orders and that LLLP's failure to challenge the final judgment precluded its attack on the prior interlocutory order.

¶7        The superior court found that although the Stevensons signed loan documents giving security interests using the name Kenneth and Maria Stevenson d/b/a T&K (a sole proprietorship), they had actually formed a partnership called T&K.  The court further noted that even though the replevied vehicles appeared to be titled in the name of T&K, neither of the Stevensons—despite ample opportunity—raised the argument that the replevin was improper on the basis that T&K was a partnership.  Without ruling whether LLLP had standing to bring the motion to set aside, the court found that the Stevensons or the partnership were "required to object [to the replevin] before the vehicles were sold and the funds were credited, but at least prior to final judgment."

¶8        The superior court ultimately denied LLLP's Rule 60 motion to set aside the replevin orders, finding that it was not timely filed.  *See* Ariz. R. Civ. P. 60(c) (requiring that a motion for relief from judgment be filed "within a reasonable time").  The court further noted that although Rule 60

delivering a copy of the summons and the pleading to a partner. *See* Ariz. R. Civ. P. 4.1(i).

allows relief from a final judgment, LLLP's motion sought relief only from the interlocutory replevin orders, not the final judgment itself.

**¶9** LLLP timely appealed the denial of its Rule 60 motion, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(2).[2] *See M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 140–41, 791 P.2d 665, 666–67 (App. 1990) (addressing appealability of order setting aside prior order of dismissal).

## DISCUSSION

### I. Motion to Set Aside.

**¶10** LLLP contends the superior court erred by failing to set aside the replevin orders under Rules 60(c)(4) and (6).[3] LLLP argues the replevin orders were void because they were obtained in violation of T&K's due process rights, the superior court lacked personal jurisdiction over T&K, and the complaint failed to state a claim against T&K.

**¶11** We review de novo the denial of a Rule 60(c)(4) motion to set aside a void judgment. *Ezell v. Quon*, 224 Ariz. 532, 536, ¶ 15, 233 P.3d 645, 649 (App. 2010). We review the denial of a Rule 60(c)(6) motion for abuse of discretion. *Id.*

**¶12** Rule 60(c) provides for relief only from a *final* judgment, order or proceeding; it cannot be used to set aside an interlocutory order from which no appeal independently lies. *Altman v. Anderson*, 151 Ariz. 209, 211–12, 726 P.2d 625, 627–28 (App. 1986). A judgment, order, or proceeding, as contemplated by Rule 60(c), is not final until either all claims are resolved or the court expressly directs entry of final judgment on fewer than all of the claims as authorized by Arizona Rule of Civil Procedure 54(b). *Id.* An order that does not dispose of all claims and that lacks a Rule 54(b)

---

[2] Absent material revisions after the relevant date, we cite a statute's current version.

[3] It is not clear that LLLP has standing to appeal. Neither LLLP nor its alleged predecessor entity T&K was a party to the lawsuit below, although the complaint named the Stevensons individually and "doing business as T&K Enterprises." AEA does not explicitly challenge LLLP's status on appeal as an aggrieved party, and we thus consider the merits of this appeal without deciding the issue of standing. *See State v. B Bar Enters., Inc.*, 133 Ariz. 99, 101 n.2, 649 P.2d 978, 980 n.2 (1982).

certification is subject to revision at any time before entry of final judgment adjudicating all the claims.

¶13	The replevin orders in this case did not contain Rule 54(b) language and were not otherwise final. *See Milner v. Colonial Tr. Co.*, 198 Ariz. 24, 26, ¶ 6, 6 P.3d 329, 331 (App. 2000) (noting that the court of appeals dismissed earlier appeal for lack of jurisdiction because "order denying the writ of replevin was interlocutory in nature and not a final, appealable order"); *see also Schoolhouse Educ. Aids, Inc. v. Haag*, 145 Ariz. 87, 89, 699 P.2d 1318, 1320 (App. 1985) ("The wording of the replevin statutes clearly states that they are preliminary in nature . . . ."). Moreover, entry of the final judgment did not bring the prior interlocutory replevin orders within the scope of Rule 60(c). Although entry of judgment makes a prior, partial judgment that lacked Rule 54(b) language final, *see Hill v. City of Phoenix*, 193 Ariz. 570, 573–74, ¶¶ 15–16, 975 P.2d 700, 703–04 (1999), Rule 60(c) relief is confined to review of orders that are "independently" final. *See Kapco Mfg. Co. v. C & O Enters., Inc.*, 773 F.2d 151, 154 (7th Cir. 1985) (interpreting similarly-worded Federal Rule 60(b)). Independent finality is required because "[o]therwise the Rule creates a power of modification redundant with the ordinary power to conduct pending proceedings and rethink earlier orders." *Id*.

¶14	Here, LLLP did not move to set aside the final judgment. Accordingly, the superior court correctly concluded that it could not set aside the replevin orders.[4]

¶15	A comparison of Rule 60(c) with Rule 54(a) supports this analysis. Rule 60(c) (including both subsections (4) and (6)) permits relief from a "final judgment, order or proceeding" for defects with the "judgment." Rule 54(a) provides that "'[j]udgment' as used in these Rules includes a decree *and an order from which an appeal lies*." Ariz. R. Civ. P. 54(a) (emphasis added). Under A.R.S. § 12-2101 (the main statute governing appeals in civil actions), appeals are permitted from a final judgment, any special order made after final judgment, an order granting or refusing a new trial, and an order dissolving or refusing to dissolve an attachment or garnishment, among other things. Notably, the legislature has not made

---

[4]	We note that had T&K (the entity in existence at the relevant time) timely appealed from the final judgment, it could have obtained review of the interlocutory replevin orders. *See Pepsi-Cola Metro. Bottling Co. v. Romley*, 118 Ariz. 565, 568, 578 P.2d 994, 997 (App. 1978) (timely appeal from final judgment "properly placed before us the propriety of all prior non-appealable orders"); *see also* A.R.S. § 12-2102(A).

orders dissolving or refusing to dissolve replevin directly appealable. *See* A.R.S. § 12-2101; *see also Milner*, 198 Ariz. at 26, 6 P.3d at 331; *State v. Bayardi*, 230 Ariz. 195, 197, ¶ 6, 281 P.3d 1063, 1065 (App. 2012) (noting that the right to appeal in Arizona is "purely statutory").

**¶16**        Because replevin orders are not appealable, they are not "judgments" pursuant to Rule 54(a). *See Blackman v. Assocs. Loan Co.*, 1 Ariz. App. 11, 12, 398 P.2d 919, 920 (1965) (order denying motion to quash garnishment is a judgment under Rule 54(a) because appeals can be taken from an order refusing to dissolve an attachment or garnishment). Accordingly, LLLP was not entitled to set aside the replevin orders based on Rule 60(c)(4) or 60(c)(6), and we therefore affirm the superior court's denial of relief.[5]

## II. Request for Attorney's Fees and Costs.

**¶17**        Both LLLP and AEA request an award of attorney's fees under A.R.S. § 12-341.01(A), which authorizes a discretionary award of attorney's fees to the successful party in a case arising out of contract. They also seek costs under A.R.S. § 12-342. As the prevailing party, AEA is entitled to its costs on appeal and, in an exercise of our discretion, we award AEA its reasonable attorney's fees, both awards upon compliance with ARCAP 21.

## CONCLUSION

**¶18**        For the foregoing reasons, we affirm the superior court's decision and award AEA its attorney's fees and costs on appeal.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[5]        Our ruling on this issue renders moot LLLP's other arguments.