NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DALE W. BLACK, *Plaintiff/Appellant*,

*v.*

BNSF RAILWAY COMPANY, *Defendant/Appellee.*

DALE W. BLACK, *Plaintiff/Appellee,*

*v.*

BNSF RAILWAY COMPANY, *Defendant/Appellant.*

No. 1 CA-CV 14-0419
FILED 10-13-2015

Appeal from the Superior Court in Maricopa County
No. CV2008-022738
The Honorable David O. Cunanan, Judge

**VACATED AND REMANDED WITH INSTRUCTIONS**

COUNSEL

Osborn Maledon P.A., Phoenix
By Mark I. Harrison, Thomas L. Hudson
*Co-Counsel for Plaintiff*

St. John & Romero PLLC, Mesa
By Jason J. Romero
*Co-Counsel for Plaintiff*

Thorpe Shwer, P.C., Phoenix
By William L. Thorpe, Bradley D. Shwer, Adam T. Reich
*Co-Counsel for Defendant*

Fennemore Craig, P.C., Phoenix
By Patrick Irvine
*Co-Counsel for Defendant*

———————————————

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

———————————————

**N O R R I S**, Judge:

**¶1**          This appeal arises out of a superior court order vacating a judgment in favor of plaintiff/appellant Dale Black pursuant to Arizona Rule of Civil Procedure 60(c). The superior court vacated the judgment so defendant/appellee BNSF Railway Company ("BNSF") could file a delayed appeal after this court dismissed its original appeal because its attorneys missed the deadline for filing a new trial motion.  On appeal, Black argues the superior court should not have vacated the judgment because BNSF's attorneys' failure to timely file the new trial motion was not excusable.  We agree.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**          On April 3, 2013, after a three-week trial, a jury returned a verdict for Black on a Federal Employers Liability Act claim, for injuries he sustained while working for BNSF.  Over four months later, on August 26, 2013, the superior court, pursuant to the jury's verdict, entered a $1.6 million judgment against BNSF ("Original Judgment").  Despite having more than four months to prepare a motion for a new trial, and after Black's attorneys declined to agree to extend the deadline for such a motion, on September 6, 2013, BNSF moved to extend the deadline for filing a motion for new trial pursuant to Arizona Rule of Civil Procedure 59 ("Motion to Extend") from September 10—the deadline for the motion under Arizona Rule of Civil Procedure 6(a)—to September 18.  BNSF's Motion to Extend

2

sought an extension of time "[d]ue to numerous preexisting professional and personal conflicts for undersigned counsel, including ones that require[d] all undersigned counsel to be out of town." The superior court granted BNSF's Motion to Extend, but subsequently denied BNSF's motion for new trial. Ninety-three days after the superior court entered the Original Judgment, on November 27, 2013, BNSF appealed.

**¶3**        This court dismissed BNSF's appeal. Because a motion for new trial must be filed no later than 15 days after entry of the judgment, Arizona Rule of Civil Procedure 59(d), and a superior court is prohibited from extending the time for filing such a motion by Arizona Rule of Civil Procedure 6(b), except in limited circumstances that were inapplicable to BNSF's appeal, we concluded its new trial motion was untimely and thus failed to extend its time to appeal. *See generally* Arizona Rule of Civil Appellate Procedure 9(b).[1] In full, Rule 6(b) reads as follows:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; *but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(d),* (g) and (l), and 60(c), except to the extent and under the conditions stated in them, unless the court finds (a) that a party entitled to notice of the entry of judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and (b) that no party would be prejudiced, in which case the court may, upon motion filed within thirty days after the expiration of the period originally prescribed or within 7 days of receipt of such notice, whichever is earlier, extend the

---

[1]Effective January 1, 2015, ARCAP 9(b), as amended, was designated ARCAP 9(e).

time for taking such action for a period of 10
days from the date of entry of the order
extending the time for taking such action.

(Emphasis added).

**¶4** BNSF then moved to vacate the Original Judgment under Rule 60(c)(6) ("Rule 60 Motion"), so the superior court could reenter the judgment ("Reinstated Judgment"), thereby resetting the appeal deadline. The superior court granted BNSF's Rule 60 Motion. Quoting Rule 60(c)(1) and 60(c)(6), the court concluded it had "discretion" to grant relief because "to deny the Defendant the right to appeal would be an injustice . . . ." Black appealed that ruling, and BNSF appealed the Reinstated Judgment and the superior court's denial of its new trial motion.

## DISCUSSION

**¶5** Black argues the superior court abused its discretion in granting BNSF's Rule 60 Motion because BNSF's attorneys' failure to know the applicable procedural rules was not excusable. Although we review a superior court's ruling on a Rule 60 motion for an abuse of discretion, we are nevertheless required to make sure the superior court properly applied the governing law. *City of Phoenix v. Geyler*, 144 Ariz. 323, 328-29, 697 P.2d 1073, 1078-79 (1985); *see also Horton v. Mitchell*, 200 Ariz. 523, 526, ¶ 13, 29 P.3d 870, 873 (App. 2001) (superior court "abuse[s] its discretion by misapplying the law"). Here, under the governing law regarding what constitutes an excusable mistake under Rule 60(c), the superior court should not have vacated the Original Judgment so BNSF could file a delayed appeal.

**¶6** Rule 60(c) permits courts to "relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." The superior court's "broad discretion when deciding whether to set aside judgments under Rule 60(c) . . . 'is circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Panzino v. City of Phoenix*, 196 Ariz. 442, 448, ¶ 19, 999 P.2d 198, 204 (2000) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

**¶7** A party may obtain relief under Rule 60(c)(1) if the conduct is "excusable," that is, "the neglect or inadvertence is such as might be the act of a reasonably prudent person under the same circumstances." *Geyler*, 144 Ariz. at 331, 697 P.2d at 1081. And, "a party can obtain Rule 60(c)(6) relief

from a judgment entered due to his or her attorney's failure to act only if that failure is legally excusable." *Panzino*, 196 Ariz. at 445, ¶ 7, 999 P.2d at 201. Thus, the initial and determinative issue here is whether, under either Rule 60(c)(1) or (6), BNSF's failure to timely move for a new trial was "excusable."[2]

**¶8**　　　　The mistake was not excusable under Rule 60(c)(1) or (6) because it rested on the failure of BNSF's counsel to know, under the circumstances presented here, that Rule 6(b) prohibited the superior court from extending BNSF's time to move for a new trial. "[I]gnorance of the rules of procedure is not the type of excuse contemplated in rule 60(c)." *Daou v. Harris*, 139 Ariz. 353, 359, 678 P.2d 934, 940 (1984). In *Daou*, for example, the defendant moved to set aside a default judgment entered against him, claiming his failure to file a timely answer was excusable because he mistakenly believed that because the "action was filed in a county other than his county of residence, he did not have to answer [the] complaint." *Id.* at 360, 678 P.2d at 941. The supreme court concluded, "the trial court did not abuse its discretion in holding that [the defendant] failed to show excusable neglect" when the defendant's failure to act rested on his ignorance of the applicable procedural rules. *Id.* at 361, 678 P.2d at 942.

**¶9**　　　　This court considered a similar situation in *Jarostchuk v. Aricol Communications, Inc.* 189 Ariz. 346, 942 P.2d 1178 (App. 1997). There, the plaintiff failed to timely appeal an arbitration award to the superior court.

---

[2]A party may not seek relief under Rule 60(c)(6) if relief is available under one of the other five subsections of Rule 60(c), which, here, is (c)(1). *See Webb v. Erickson*, 134 Ariz. 182, 186, 655 P.2d 6, 10 (1982) (reason for granting relief under Rule 60(c)(6) "must *not* be one of the reasons set forth in the five preceding clauses" because "[c]lause 6 and the first five clauses are mutually exclusive"); *cf. Amanti Elec., Inc. v. Engineered Structures, Inc.*, 229 Ariz. 430, 433, ¶ 10, 276 P.3d 499, 502 (App. 2012) ("[E]ven when relief might have been available under one of the first five clauses [of Rule 60(c)] but for the fact that the time limits of the rule had elapsed, this does not necessarily preclude relief under clause (6) if the motion also raises exceptional additional circumstances that convince the court the movant should be granted relief in the interest of justice."). We need not address that issue here, because, even under Rule 60(c)(6), an attorney's failure to act must still be "legally excusable." *Panzino*, 196 Ariz. at 445, ¶ 7, 999 P.2d at 201. Thus, under either subsection, the dispositive issue is the same—whether BNSF's attorneys' failure to know the time limitations imposed by Rule 6(b) on new trial motions was excusable.

*Id.* at 347, 942 P.2d at 1179. The superior court granted plaintiff's request to file a delayed appeal, finding the attorney's secretary's failure to correctly calculate the appeal deadline under Rule 6(a), by excluding Saturdays and Sundays, amounted to excusable neglect. *Id.* at 348-49, 942 P.2d at 1180-81. We reversed, holding the miscalculation was not excusable under Rule 60(c) because the rule's explicit and clear language required the calculation to include Saturdays and Sundays, and a reasonably prudent legal secretary could not have read Rule 6(a) any differently. *Id.* at 349, 942 P.2d at 1181.

¶10         The legal principle we draw from these cases is this: failure to know the applicable procedural rules, especially when those rules are clear, is not excusable under Rule 60(c)(1) or (6).

¶11         Here, BNSF's attorneys admitted they "overlooked" and were "unaware of the Rule 6(b) restrictions."[3] The restriction in Rule 6(b) is clear: it bars extensions of time for filing a new trial motion, except under limited circumstances that were inapplicable here; and BNSF does not argue otherwise. This is not a case involving complicated, ambiguous, or vague rules resulting in an excusable misunderstanding, but rather a case involving counsel's failure to know about the restrictions on new trial motions imposed by Rule 6(b). Thus, the superior court should not have granted the Rule 60 Motion because "ignorance of the rules of procedure is not the type of excuse contemplated in rule 60(c)." *Daou*, 139 Ariz. at 359, 678 P.2d at 940; *see Geyler*, 144 Ariz. at 328-29, 697 P.2d at 1078-79 (although we review "a trial court's order granting or denying relief under Rule 60(c)" for an abuse of discretion, "[i]n exercising its discretion, the trial court is not authorized to act arbitrarily or inequitably, nor to make decisions unsupported by facts or sound legal policy"; discretion does not "leave a court free to misapply law or legal principle").

¶12         Nevertheless, BNSF argues its attorneys acted in good faith in filing the Motion to Extend. We agree BNSF's attorneys, in good faith, did not know of Rule 6(b). BNSF's attorneys' failure to know the rules, however, does not transform their mistake into an excusable one. Neither does their failure to understand a clear rule of procedure.

¶13         BNSF also suggests, albeit subtly, that the superior court contributed to its attorneys' mistake because "had the trial court not

---

[3]Although BNSF's attorneys acknowledged to the superior court they were unaware of Rule 6(b)'s restrictions, they also suggested they misunderstood the rule. On its face, Rule 6(b) is clear and a reasonably prudent lawyer could not have read it to authorize the extension BNSF sought and received.

granted the [Motion to Extend], BNSF would have filed . . . timely." Only after we dismissed the appeal did BNSF begin to intimate that the superior court contributed to the error. Although the superior court should not have granted the Motion to Extend, it did not force or entice BNSF to file the motion or to accept the extension. Indeed, in its Motion to Extend, BNSF's attorneys explained they were requesting the extension "[d]ue to numerous preexisting professional and personal conflicts." *See supra* ¶ 2.

**¶14** Finally, BNSF argues the supreme court's decision in *Craig v. Craig*, 227 Ariz. 105, 253 P.3d 624 (2011), allows parties to file delayed appeals even when an extension is improperly granted under Rule 6(b). We do not read *Craig* this broadly. In *Craig*, after the superior court issued a decree dissolving a marriage between Husband and Wife, Husband timely moved for a new trial, but, before the court could rule on the motion, Wife filed a notice of appeal. *Id*. at 105, ¶ 2, 253 P.3d at 624. Husband cross-appealed. *Id*. After the superior court denied Husband's motion, neither party filed new notices of appeal. *Id*. We dismissed both appeals for lack of jurisdiction. *Id*. at 105, ¶ 3, 253 P.3d at 624. After analyzing the confused state of the law regarding premature appeals, the supreme court upheld our dismissal for lack of jurisdiction stating:

> "[A] *limited exception* to the final judgment rule . . . allows a notice of appeal to be filed after the trial court has made its final decision, but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial." In *all* other cases, a notice of appeal filed in the absence of a final judgment, or while any party's time-extending motion is pending before the trial court, is "ineffective" and a nullity.

*Id*. at 107, ¶ 13, 253 P.3d at 626 (citation omitted). The supreme court then noted:

> At oral argument, Husband did not oppose Wife's argument that the two appeals should be considered on the merits. Accordingly, Husband and Wife agreed to file a stipulated request in the superior court under Arizona Rule of Family Law Procedure 85(C)(1)(f), seeking temporary relief from—and immediate reinstatement of—the dissolution decree and the order denying Husband's motion for new

7

> trial. Because these appeals relate only to the division of property, we are confident that the trial court will grant such a stipulated motion, allowing both parties to file fresh notices of appeal. The court of appeals can then reinstate the previously dismissed appeals and consider them on the briefing already submitted.

*Id*. at 107-08, ¶ 16, 253 P.3d at 626-27. Seizing on this language, BNSF argues it was in the same position as the parties in *Craig*, and, thus, the superior court was authorized to vacate the Original Judgment so it could file a "fresh" notice of appeal. BNSF also argues this language indicates "a shift away from rigidly applying rules of procedure in a manner that prevents a party from pursuing their appeals."

¶15        BNSF is not similarly situated to the parties in *Craig*, and that case does not announce a new rule, jettisoning 30 years of longstanding Arizona law, that a lawyer's failure to know the applicable rules of procedure is excusable. First, *Craig* arose during a time of widespread confusion in the law regarding premature appeals, and the parties may have relied on a prior decision of this court that validated their notice of appeal. *Id*. at 106-07, ¶¶ 4, 11-12, 253 P.3d at 625-26 (discussing *Performance Funding, L.L.C. v. Barcon Corp.*, 197 Ariz. 286, 3 P.3d 1206 (App. 2000)). In contrast, as we have explained, Rule 6(b) is not confusing or unclear. Second, the parties in *Craig* stipulated to vacating the underlying judgment, thus implicitly acknowledging neither would be prejudiced by a delayed appeal. Although *Craig* did not mention *Geyler*, lack of prejudice is an important factor for a superior court to consider in allowing a delayed appeal under Rule 60(c). *See Geyler*, 144 Ariz. at 328, 697 P.2d at 1078. Here, the parties did not enter into such a stipulation. Third, in its fact-specific statement, the supreme court gave no indication it intended to overrule the well-established principle that "ignorance of the rules of procedure is not the type of excuse contemplated in rule 60(c)." *Daou*, 139 Ariz. at 359, 678 P.2d at 940.

**CONCLUSION**

**¶16**　　　For the foregoing reasons, we reverse and vacate the superior court's order granting BNSF's Rule 60 Motion, and vacate the Reinstated Judgment entered by the superior court pursuant to that order. We remand to the superior court and instruct it to reenter the August 26, 2013 Original Judgment in Black's favor. We dismiss as moot BNSF's appeal from the Reinstated Judgment and the superior court's denial of its new trial motion.



Ruth A. Willingham · Clerk of the Court

FILED: ama