559 P.2d 205

**DIGGS REALTY AND INSURANCE and Della Diggs, Individually, Appellants,**

v.

**John PERTILE, Appellee.**

**No. 2 CA–CIV 2071.**

Court of Appeals of Arizona, Division 2.

Jan. 4, 1977.

OPINION

HATHAWAY, Judge.

This is an appeal from the superior court's refusal to permit a trial de novo of an arbitration award. The trial de novo was requested pursuant to Rule 7(c) of the Uniform Rules of Procedure for Arbitration, A.R.S. Vol. 17A.

The dispute, a disagreement between real estate agents regarding entitlement to a commission, was originally heard by an arbitrator under the provisions of the Uniform Rules of Procedure for Arbitration. An award was filed with the superior court in favor of the plaintiff-appellee on July 18, 1975, and the defendants moved for a new trial on July 28. This motion was denied on October 8. Thereafter, on October 23, the defendants filed a notice of appeal and posted a $250 cash bond. The notice of appeal was entered in the alternative as an appeal to either the superior court or to the Court of Appeals. We remanded the case to the superior court "for hearing to determine the proper Court, if any, for appeal." The superior court then found that the appeal had not been perfected and ordered that the arbitration award was final and binding. From this decision, the defendants brought the instant appeal.

The plaintiff-appellee's argument that the appeal was not properly perfected rests upon the fact that the appellants did not file their notice of appeal "within twenty days after the filing of the award" as required by Rule 7(a) of the Uniform Rules. We agree and conclude that the appeal was not timely. Appellants' motion for new trial, made within the 20-day limit, did not extend the time for appeal. The motion for new trial was made after the arbitrator had filed his award and thus had been divested of jurisdiction over the matter. He therefore had no power to proceed further with the case. Rule 5 of the Compulsory Arbitration Rules requires that "[w]ithin twenty days after the hearing, the Board of Arbitrators shall return the original Superior Court file to the Court and shall file an

award with the Clerk of the Superior Court . . . ." Upon filing the award with the superior court, the entire matter was transferred to that court and the arbitrator had no further jurisdiction over it.

The superior court was correct in ordering that the arbitrator's award had become final and binding. Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.