942 P.2d 1178

**Ilia JAROSTCHUK, a single man, Plaintiff–Appellee,**

v.

**ARICOL COMMUNICATIONS, INC., Michael W. Roe and Jane Doe Roe, husband and wife, Defendants–Appellants.**

No. 1 CA–CV 96–0451.

Court of Appeals of Arizona, Division 1, Department B.

July 31, 1997.

Michael A. Fairbairn, P.C. by Michael A. Fairbairn, Phoenix, for Plaintiff–Appellee.

Brian K. Stanley, Phoenix, for Defendants–Appellants Roe.

## OPINION

NOYES, Judge.

Plaintiff filed an untimely notice of appeal to superior court from an arbitration award in favor of Defendants. Defendants moved to strike the notice of appeal and Plaintiff moved for leave to file a delayed appeal on grounds of excusable neglect. The trial court denied Defendants' motion and granted Plaintiff's motion. Defendants appealed to this Court.

We hold that "excusable neglect" is the standard to meet when seeking a delayed appeal from compulsory arbitration to superior court. We also hold that the court abused its discretion in finding that the secretarial error in this case qualified as excusable neglect.

### I.

Plaintiff/Appellee Ilia Jarostchuk ("Plaintiff") loaned $7,500 to a corporation whose president, Defendant/Appellant Michael W. Roe, signed the promissory note. When the loan was not repaid, Plaintiff sued Roe and his wife ("Defendants"), and others not relevant here. Because the claim was for less than $50,000, it was subject to compulsory arbitration as provided by Arizona Revised Statutes Annotated ("A.R.S.") section 12–133 (1992); Rule 1, Uniform Rules of Procedure for Arbitration ("Arbitration Rule"); and Rule 3.10, Local Rules of Practice of Maricopa County Superior Court.

The case was arbitrated on claims of fraud and racketeering. The arbitrator found for Defendants and filed the award on Friday, September 22, 1995, at 7:26 p.m. Counsel received a copy before 5:00 p.m. that day.

Arbitration Rule 7(a) provides that a party "may appeal from the award by filing a notice of appeal with the Clerk of the Superior Court within twenty days after the filing of the award." Arbitration Rule 5(c) provides that, "Upon expiration of the time for appeal and if no appeal has been taken, the award shall become final and binding as a judgment of the Superior Court, and the Clerk of the Superior Court shall enter the award in the judgment docket." The time for appeal to superior court expired on October 12, 1995. Plaintiff filed his notice of appeal on October 16, 1995.

After the trial court denied Defendants' motion to strike and granted Plaintiff's request for delayed appeal, Defendants timely appealed to this Court. We have jurisdiction pursuant to A.R.S. sections 12–2101(C) (1994) and 12–2101.01(A)(4) and (5) (1994).

## II.

■ An order granting or denying relief under Rule 60(c), Arizona Rules of Civil Procedure, is reviewed using the abuse of discretion standard. *City of Phoenix v. Geyler,* 144 Ariz. 323, 328, 697 P.2d 1073, 1078 (1985) (citations omitted).

■ Defendants argue that the court cannot grant a delayed appeal pursuant to Rule 60(c) unless the moving party establishes lack of knowledge that judgment was entered, together with extraordinary, unique, or compelling circumstances. Defendants cite cases which so hold: *Park v. Strick,* 137 Ariz. 100, 669 P.2d 78 (1983), and *Geyler.* We distinguish these cases because they involve delayed appeals from superior court to the court of appeals.

The court in *Geyler* advised that, "In considering whether to allow a delayed appeal, the trial judge should, therefore, remember that the party seeking relief has had his day in court since the case has already been litigated on its merits." 144 Ariz. at 328, 697 P.2d at 1078. A party to an arbitration proceeding, however, is in a different position; that party can still demand "his day in court." Arizona Revised Statutes Annotated section 12–133(H) (Supp.1996) provides that, "Any party to the arbitration proceeding may appeal from the arbitration award to the court in which the award is entered by filing, within the time limited by rule of court, a demand for trial de novo on law and fact." Similarly, Arbitration Rule 7(c) provides that, "All appeals shall be de novo on law and facts." An appeal from compulsory arbitration is therefore not a request for review; it is a demand for trial de novo. We conclude that the *Strick–Geyler* test for delayed appeal to the court of appeals is too harsh a test for delayed appeal from compulsory arbitration to superior court.

The *Geyler* court noted that, given the strong interest in the finality of judgments in cases which have been litigated on the merits, Rule 60(c) relief for a delayed appeal would require a stronger showing than required for relief from a default judgment. *Id.* at 328, 697 P.2d at 1078. Applying that same reasoning here, we conclude that a judgment entered because a party did not file a timely appeal from compulsory arbitration is like a judgment entered because a party did not file a timely answer to a complaint; each results in loss of a party's right to a trial on the merits and each should require the same showing for relief. One such showing is the "excusable neglect" test of Rule 60(c)(1).

■ Neglect is excusable if it "might be the act of a reasonably prudent person under the same circumstances." *Geyler,* 144 Ariz. at 331, 697 P.2d at 1081 (citing *Coconino Pulp v. Marvin,* 83 Ariz. 117, 120, 317 P.2d 550, 552 (1957)). In this case, Plaintiff's secretary accepted responsibility for the late-filed notice of appeal. Her affidavit avows that she had been a full-time employee of Plaintiff's counsel for less than two months at the time, that she had worked part-time for him for the previous nineteen months, and that she had no other legal experience. Counsel gave her the arbitration award and asked her to compute and calendar the twenty-day deadline for appeal. The secretary's affidavit states that, "In calculating such date, I inadvertently did not include Saturday, September 23, 1995 and Sunday, September 24, 1995 on the belief that the first day of the period so computed should not be included if it is a 'Saturday, Sunday, or legal

holiday.' " (This error caused the twentieth day to fall on October 14, a Saturday. If this error is excused, the notice of appeal was timely filed on October 16, a Monday.)

The last part of the secretary's affidavit refers to Rule 6(a), Arizona Rules of Civil Procedure, which provides:

> In computing any period of time prescribed or allowed by these rules ... the day of the act, event or default from which the designated period of time begins to run shall not be included. When the period of time prescribed or allowed ... is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall not be included in the computation.... The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday.

The trial court gave no reasons for finding excusable neglect, but it must have accepted the secretary's affidavit, for that was the only excuse offered by Plaintiff. We conclude that the secretary's affidavit is insufficient to show excusable neglect. First of all, the miscalculation was not inadvertent, as her affidavit states; it was intentional in the sense that she intended to exclude the first Saturday and Sunday. She did this because she believed that these two days did not count. Because such belief could only have been based on Rule 6(a), the affiant admits knowing about the rule and computing time according to it.

Because the affiant knew that the applicable time period was twenty days, the source of her erroneous belief could only have been the last sentence of Rule 6(a). This sentence does not come close to saying that the first Saturday and Sunday are excluded; it says that the last day is included unless it is a Saturday or Sunday. We will not belabor the point, but we conclude that the court must say "No" to the notion that a reasonably prudent legal secretary would read Rule 6(a) to exclude the first Saturday and Sunday from computation of a twenty-day period.

Although the only excuse offered by Plaintiff's attorney was that his secretary's neglect was excusable, we appreciate that the neglect ultimately in question here is that of the attorney who relied on the secretary. In *Coconino Pulp v. Marvin,* an attorney failed to file a timely answer to a complaint, resulting in default judgment against his client. 83 Ariz. 117, 119, 317 P.2d 550, 551. The attorney blamed the secretary who neglected to remind him when the answer was due. *Id.* The court found that, "absent some showing of inefficiency or undependability of the secretary, the attorneys should be justified in assuming that they will be properly informed concerning the status of their cases." *Id.* at 121, 317 P.2d at 552. The court held that, "If through some inadvertent clerical error the lawyer is not informed, his conduct resulting therefrom we believe is excusable." *Id.*

What distinguishes this case from *Coconino Pulp* is that, here, the secretarial error was neither inadvertent nor clerical; it was intentional action on a matter requiring some legal competence. When an attorney entrusts such matters to a secretary, it is ordinarily not enough, when something goes wrong, for the attorney to later say, "My secretary was inexperienced." If that is all it takes to show excusable neglect, filing deadlines are open-ended.

■ On a related matter, we agree with Defendants that Rule 6(b), Arizona Rules of Civil Procedure, cannot be interpreted to extend the twenty-day appeal deadline provided by the arbitration statute, A.R.S. section 12–133. *See Varga v. Hebern,* 116 Ariz. 539, 541, 570 P.2d 226, 228 (App.1977) (holding that Rule 6(b) "cannot be construed to nullify the specific provisions of the statute").

### III.

■ Defendants request an award of attorneys' fees pursuant to A.R.S. section 12–133(I) and Arbitration Rule 7(f). Arizona Revised Statutes Annotated section 12–133(I) (Supp.1996) provides, in pertinent part:

> If the judgment on trial de novo is not at least ten per cent more favorable than the monetary relief or other type of relief granted by the arbitration award the court shall order that ... the appellant pay ... the following costs and fees, unless the court finds on motion that the imposition of

the costs and fees would create such a substantial economic hardship as not to be in the interest of justice:

1. To the county, the compensation actually paid to the arbitrator.

2. To the appellee, those costs taxable in any civil action and reasonable attorney fees as determined by the trial judge for services necessitated by the appeal.

3. Reasonable expert witness fees that are incurred by the appellee in connection with the appeal.

The wording of Arbitration Rule 7(f) is substantially the same.

The clear intent of the statute and rule is to make an appellant pay for an unsuccessful appeal from arbitration to superior court. We therefore conclude that "judgment upon trial de novo" should be interpreted broadly, to apply to all trial court judgments following appeal from arbitration, including judgments resulting from something other than actual trial. We hold that A.R.S. section 12–133(I) and Rule 7(f) apply to Plaintiff's appeal to superior court.

Because the judgment resulting from Plaintiff's appeal to superior court is not ten percent more favorable to Plaintiff than the relief granted by the arbitration award, on remand Defendants can apply for an award of costs and attorneys' fees incurred in superior court.

 Defendants' request for attorneys' fees on appeal is denied. Neither Rule 7(f) nor A.R.S. section 12–133(I) expressly provides for an award of attorneys' fees in the court of appeals. Because the rule and statute provide that fees "shall" be ordered on appeal to superior court, they are mandates. Because these mandates do not expressly include appeals from, as well as appeals to, superior court, we presume that the drafters intended that these mandates apply only in superior court and that other statutes and rules apply in the court of appeals. We therefore conclude that neither Rule 7(f) nor A.R.S. section 12–133(I) applies in the court of appeals.

Defendants also base their request for attorneys' fees in the court of appeals on A.R.S. section 12–341.01(A) (1992), which provides for a discretionary award in cases arising out of contract. Assuming that the statute applies in this tort case, we find it proper for the parties to pay their own attorneys' fees here. The trial court found for Plaintiff and the appeal presented novel and significant questions of law. Defendants are entitled to costs on appeal pursuant to A.R.S. section 12–342 (1992).

Reversed and remanded with directions to grant Defendants' motion to strike Plaintiff's notice of appeal.

GERBER and EHRLICH, JJ., concur.