6 P.3d 333

**Joseph F. DECOLA, Plaintiff–Appellee,**

v.

**Donald R. FREYER; Donald R. Freyer and Alene N. Freyer, husband and wife; Donald R. Freyer and Alene N. Freyer, as Trustors, Trustees and Beneficiaries under Trust Agreement dated November 25, 1986, Defendants–Appellants.**

**No. 1 CA–CV 99–0536.**

Court of Appeals of Arizona, Division 1, Department C.

June 22, 2000.

Review Denied Dec. 5, 2000.

H. Eldon Hanson, P.C. by H. Eldon Hanson, Phoenix, and Friedl, Richter & Buri by Charles E. Buri, Scottsdale, for Plaintiff–Appellee.

Lewin & Schneider, P.C. by Jon D. Schneider and Law Offices of Joseph A. Kula by J. Bradley Nichols, Phoenix, for Defendants–Appellants.

## OPINION

VOSS, Judge.

¶1 The issue presented in this appeal is what effect an arbitrator's failure to mail or deliver notice of the arbitration award to the parties has on the time limits for appeal to superior court. Defendants in the underlying lawsuit appeal from the superior court's dismissal, as untimely, of their notice of appeal from the arbitration award.

### FACTS AND PROCEDURAL HISTORY

¶2 Plaintiff's lawsuit against defendants was referred for compulsory arbitration pursuant to Rule 1(b) of the Uniform Rules of Procedure for Arbitration (the "Arbitration Rules"). After conducting the arbitration hearing on December 2, 1998, the court-appointed arbitrator filed with superior court the final "award of arbitrator" on January 4, 1999, awarding judgment to plaintiff for $31,440.00 plus interest and costs.

¶3 The arbitrator had conducted a joint telephone call with counsel for the parties on December 17, 1998, giving them notice of what his intended decision would be. On or about December 22, 1998, plaintiff's counsel prepared a proposed form of the arbitration award, sending a copy to defendants' counsel. Although the arbitrator filed the arbitration award with the clerk of the superior court on January 4, 1999, he failed to mail or deliver copies of the award to defendants or to their

counsel as required by Rule 5(a) of the Arbitration Rules.[1]

¶4 On February 3, 1999, defendants filed a notice of appeal from arbitration and motion to set for trial in which they stated that "Defendants and Plaintiff have never received a copy of the Arbitration Award from the Arbitrator, but are informed that an Award was filed." Plaintiff moved to dismiss the appeal on the ground that it had not been timely filed. Defendants argued in response that the appeal should be allowed because they had not received notice of the filing of the arbitration award and the notice of appeal was filed a mere ten days late.

¶5 After considering the motion pleadings and oral argument of counsel, the trial court found that the arbitrator had in fact failed to mail or deliver copies of the arbitration award to all parties or their counsel as required by Rule 5(a) of the Arbitration Rules; that defendants' counsel had learned from plaintiff's counsel on or about January 29, 1999, that the award had been filed; and that the notice of appeal was filed on February 3, 1999, which was more than 10 days after the time for filing the notice had expired. The trial court concluded that defendants' remedy would be to file a motion with the arbitrator seeking to have the award vacated and re-entered so that a timely appeal could be filed pursuant to *Park v. Strick*, 137 Ariz. 100, 669 P.2d 78 (1983), and *Appeal in Pima County*, 138 Ariz. 291, 674 P.2d 845 (1983). Finding that the defendants had not requested relief from the arbitrator

and that the appeal was untimely, the trial court dismissed the appeal from the arbitration award.[2]

¶6 On June 11, 1999, defendants filed a motion requesting that the arbitrator vacate and re-enter the judgment pursuant to the *Park v. Strick* and *Appeal in Pima County* cases. On June 23, 1999, the arbitrator filed a new order in which he purported to vacate and re-enter the arbitration award. Defendants then timely filed another notice of appeal from the new award on June 30, 1999. Plaintiff moved to vacate the arbitrator's later order and dismiss the second notice of appeal, arguing that the arbitrator lacked subject matter jurisdiction to make the later ruling and that, even if he did not lack authority, the extraordinary circumstances required under the *Park v. Strick* line of cases had not been shown. Defendants failed to respond and the trial court granted the motion, vacating the arbitrator's re-entered order and dismissing the appeal from that order.

¶7 Defendants appeal to this court, asking us to determine that they have a right to appeal the arbitration award under the circumstances presented in this case.

### STANDARD OF REVIEW

¶8 The crucial issue in this case is whether the superior court has authority to grant relief to a party who has filed an untimely appeal from an arbitration award due to the arbitrator's failure to mail or

---

1. Rule 5(a) provides as follows for the filing of an arbitration award:

   Within ten (10) days after completion of the hearing, the arbitrator shall return the original Superior court file to the Superior Court Clerk or Court Administrator, and shall file a notice of decision with the Clerk of the Superior Court, and on the same day shall mail or deliver copies thereof to all parties or their counsel. Within ten days of the filing of the notice of decision, the prevailing party shall submit a proposed form of award, an affidavit in support of attorneys' fees if attorney fees are recoverable, and a verified statement of costs. Within five days of receipt of the foregoing the opposing party may file objections. Within ten days of the receipt of the objections, the arbitrator shall pass upon the objections and file the award with the clerk of the superior court, **and on the same day shall**

**mail or deliver copies thereof to all parties or their counsel. . . .**
(Emphasis added.)

2. Defendants did not appeal from this first order dismissing the appeal as untimely. Plaintiff contends that this is fatal to the present appeal in this court. We disagree. The first dismissal was never rendered in the form of a formal, appealable order. *See* Rule 58, Arizona Rules of Civil Procedure. Furthermore, the superior court implicitly remanded the matter to the arbitrator for further proceedings, whether correctly or not. It therefore did not dispose of all claims and parties. *See* Rule 54, Arizona Rules of Civil Procedure. Because all interlocutory orders are subsumed into the final judgment, these issues are now properly before us. *See, e.g., State ex rel. Neely v. Rodriguez*, 165 Ariz. 74, 77, 796 P.2d 876, 879 (1990).

deliver notice that the award has been filed. We independently review as a matter of law the jurisdiction of lower tribunals that have made rulings in a case before us. *R.A.J. v. L.B.V.,* 169 Ariz. 92, 94, 817 P.2d 37, 39 (App.1991). Moreover, where the parties have failed to address completely the correct rule of law governing the issues, we are not precluded from doing so. *See Word v. Motorola, Inc.* 135 Ariz. 517, 520, 662 P.2d 1024, 1027 (1983).

## DISCUSSION

¶ 9 Pursuant to Rule 5(a) of the Arbitration Rules, the arbitrator, after conducting the hearing, is required first to file a "notice of decision" with the clerk of the superior court, and mail or deliver copies to all parties or their counsel on that same date. Under a time line provided in the rule, the prevailing party then submits a proposed form of "award" and a request for costs and for attorney's fees where applicable, and the other party is allowed to file objections. After considering any objections, the arbitrator is directed to sign the award, file it with the clerk of the superior court, mail a copy to the court administrator, and *"mail or deliver copies thereof to all parties or their counsel."* (Emphasis added.)

¶ 10 The filing of this second item, the "award," is the event that triggers the time for the appeal. *See Bittner v. Superior Court,* 182 Ariz. 434, 436, 897 P.2d 736, 738 (App.1995). Once the award is filed, a party wishing to appeal has only 20 days to do so pursuant to Rule 7(a) of the Arbitration Rules. If a timely appeal is not filed, the award becomes "final and binding as a judgment of the Superior Court" pursuant to Rule 5(c). The ability of a litigant to comply with the time limit for filing an appeal obviously is hampered when an arbitrator fails to provide the notice required under Rule 5(a) that the award has been filed.

¶ 11 The arbitration rules are silent about whether or under what circumstances relief can be granted to a litigant who has received no notice that the appeal time is running because of the filing of the award. We note, though, that rules have been established pursuant to both court rule and case law for allowing relief to a litigant in the analogous situation in which appeal to this court is sought from a judgment entered by the superior court, but notice of appeal was untimely filed due to lack of notice of entry of the judgment by the clerk who is required to provide such notice pursuant to Rule 77(g), Arizona Rules of Civil Procedure ("the Civil Rules").

¶ 12 The analogous law regarding the effect on appeals of a failure by the clerk of the court to mail notice of entry of judgment has evolved over the years. Prior to a 1994 amendment to Civil Rule 77(g), although the rule provided that the clerk "shall mail a notice of the entry of judgment stating the date of entry ... to every party," it also provided that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed."

¶ 13 This court initially concluded that the above-quoted language left trial courts without authority to vacate and reenter the same judgment in order to begin again the time for filing a notice of appeal when no notice of entry of the judgment had been sent to the party by the clerk. *See Vital v. Johnson,* 128 Ariz. 129, 132, 624 P.2d 326, 329 (App 1980). Two years later, though, our supreme court examined the interplay between Civil Rules 60(c) and 77(g), and concluded that Civil Rule 77(g) restricts the power of the trial court to vacate a judgment pursuant to Civil Rule 60(c) and reenter it to allow a delayed appeal only when the sole ground is the failure to give or receive the notice required by Civil Rule 77(g). *See Park v. Strick,* 137 Ariz. at 104, 669 P.2d at 82. It further held that the trial court does have authority under Civil Rule 60(c)(6) to vacate and reenter judgment when the party both does not have knowledge from any source that a judgment had been entered and when there are "extraordinary," "unique," or "compelling" circumstances. *Id.*

¶ 14 One year later, our supreme court made some additions and modifications to the requirements for allowing a delayed appeal from a judgment or order when no Civil Rule

**32**

77(g) notice has been given. *See City of Phoenix v. Geyler,* 144 Ariz. 323, 328, 697 P.2d 1073, 1078 (1985). The *Geyler* court concluded that the following factors must be shown in combination with any Rule 60(c) ground:

(1) absence of Rule 77(g) notice;

(2) lack of prejudice to respondent;

(3) prompt filing of a motion after actual notice; and

(4) due diligence, or reason for lack thereof, by counsel in attempting to be informed of the date of the decision.

*Id.*

¶ 15 In 1994, Civil Rule 77(g) was amended and now provides that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, *except as provided in Rule 9(a), Arizona Rules of Civil Appellate Procedure.*" (Emphasis added.) Civil Appellate Rule 9(a) was simultaneously amended to allow extension of time to appeal when the clerk fails to give notice of entry of judgment, but under very limited time constraints and other circumstances. The following sentence was added to the rule:

If the court finds that (1) a party entitled to notice of entry of judgment did not receive such notice from the clerk or any party within 21 days of its entry and (2) no party would be prejudiced, the court may upon motion filed not later than 30 days after the expiration of the time for appeal, or within 7 days of receipt of such notice, whichever is earlier, extend the time for appeal for a period not to exceed 14 days from the date of the order granting the motion.

The Court Comment following both of the above-mentioned rules explains that the amendments to the rules "were designed to address a problem experienced by practitioners, whereby they were not receiving notice of entry of judgment in some cases and their clients' rights to appeal were jeopardized." Ariz.R.Civ.P. 77(g); Ariz.R.Civ.App.P. 9(a).

---

**3.** Rule 4(j) of the Arbitration Rules provides limited circumstances, not applicable here, in which

¶ 16 This court has recently observed that, under the foregoing amended rules, "[c]ourts have been given discretion to extend the time for appeal upon a party's showing of the bare failure to receive the clerk's notice without its having to show additionally the compelling circumstances or any other circumstances provided in Rule 60(c), but under the very limited time constraints and other circumstances provided in amended Rule 9(a)." *J.C. Penney v. Lane,* 309 Ariz.Adv.Rep. 24, 26 ¶ 20 (App. Nov. 26, 1999). We also noted that, when a party cannot establish the Rule 9(a) requirements, the party can still try to show his entitlement to relief under the *Park v. Strick* and *City of Phoenix v. Geyler* line of cases. *Id.*

¶ 17 Rule 3 of the Uniform Rules of Procedure for Arbitration allows application of the Rules of Civil Procedure where they are not inconsistent with the Rules of Arbitration. It follows then that the rationale for allowing an extension of time to appeal a civil judgment under the limited circumstances outlined in Civil Appellate Rule 9(a) and for a delayed appeal under the *Park v. Strick* line of cases is equally applicable to an appeal from an arbitration award. The arbitrator and the court clerk have the same duty to inform the parties when an award or judgment is filed. Thus, a party's remedy for the arbitrator's failure to give notice of the award should also be the same. Any other result would elevate form over substance and unfairly deprive an arbitration litigant the right to appeal.

¶ 18 We acknowledge that Civil Rules 77(g) and 60(c) have no literal application in this situation; nor does Civil Appellate Rule 9(a) directly apply to an appeal from an arbitration award to superior court. The Arbitration Rules, however, lack any procedure similar to that provided in superior court under Civil Rule 60(c) for a litigant to seek relief from a judgment after an award is filed, because the arbitrator is divested of jurisdiction upon the filing of the award. *See Diggs Realty and Insurance v. Pertile,* 114 Ariz. 85, 559 P.2d 205 (App.1977).[3] Thus, the

remand to the arbitrator is allowed.

application of Civil Rule 60(c) to allow a motion for relief from the award to be brought to the arbitrator would directly conflict with the Arbitration Rules.

¶ 19 In our opinion, the superior court correctly concluded that a litigant in defendants' situation should be entitled to some type of relief. The court erred, though, in ruling that the issue needed to be presented to the arbitrator. We conclude that any request for relief due to the failure to receive notice of the filing of the award needed to be ruled upon by the superior court judge assigned to the case. In this case, however, the superior court did not consider whether defendants would be entitled to relief under the rationale of Civil Appellate Rule 9(a) because they failed to receive notice of the filing of the arbitration award, they acted diligently, and no prejudice to plaintiff was shown.

¶ 20 Plaintiff contends that we should rule against defendants in this case because they had notice of the arbitrator's initial ruling that led to his filing of the arbitration award. Plaintiff argues that, because a party is allowed to file a premature appeal, defendants should have been required to appeal prematurely instead of waiting for notice that the final award had been filed. *See generally Guinn v. Schweitzer,* 190 Ariz. 116, 118, 945 P.2d 837, 839 (App. 1997) (allowing a premature appeal). We disagree with plaintiff's argument. Although an appeal's prematurity does not require its dismissal, we do not encourage the filing of premature appeals. *See Barassi v. Matison,* 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981). We decline to hold, therefore, that simply because a premature appeal from an arbitration award is permissible, a litigant is not entitled to wait to receive notice of the filing of the arbitration award, as provided by the rules, before appealing.

¶ 21 Plaintiff further argues, however, that defendants are precluded from relief, in any event, because they failed to file a motion seeking relief in the superior court.

Although defendants did not file a "motion" requesting relief analogous to Civil Appellate Rule 9(a) or Civil Rule 60(c) relief, their notice of appeal informed the trial court that they had not received notice from the arbitrator of the filing of the award could have been treated by the trial court as a motion for such relief. *See e.g., Porterfield v. Black Bill & Doney Parks Water Users' Ass'n,* 69 Ariz. 110, 113, 210 P.2d 335, 337 (1949) (stating that no technical forms of pleadings or motions are required in Arizona). Furthermore, as we have pointed out, no procedural vehicle analogous to Civil Rule 60(c) is available to seek relief from the arbitrator once the award is entered. Additionally, prior to this opinion, no guidance on this issue was available to practitioners.[4]

¶ 22 Although we disapprove of the practice of seeking relief by bare allegations in a notice of appeal, we believe defendants' arguments were presented fully to the superior court by the unique procedural aspects of this case. In considering the notice of appeal in conjunction with plaintiff's first motion to dismiss the appeal and defendants' response, and after hearing arguments of counsel, the trial court made findings of fact that the arbitrator did not mail or deliver copies of the award to any of the parties or to their counsel, that defendants' counsel did not learn of the filing of the award until January 29, 1999, and that counsel promptly filed the notice of appeal on February 3, 1999, 30 days after the award was filed. The notice of appeal was also filed within the time constraints of a Civil Appellate Rule 9(a) request for extension. We further note that the record contains no showing of prejudice to the plaintiff in this case in which the delay was so minimal. *See Davis v. Davis,* 143 Ariz. 54, 58, 691 P.2d 1082, 1086 (1984) (finding no diminished ability on the part of the plaintiff to gather and present evidence or reliance on the finality of the judgment). Based on these circumstances, we do not find defendants' failure to file a formal "motion" fatal to any requested relief.

---

4. We note, however, that this court has allowed a party to seek a delayed appeal from compulsory arbitration on grounds of "excusable neglect" by seeking relief under Civil Rule 60(c) in superior court. *See Jarostchuk v. Aricol Communications, Inc.,* 189 Ariz. 346, 347, 942 P.2d 1178, 1179 (App.1997). We do not preclude this option under circumstances involving excusable neglect.

¶ 23 We note, however, that the proper procedure would have been for defendants to file a motion in superior court, with the judge to whom the case was assigned prior to arbitration, seeking relief from the finality of the arbitration award before attempting to file a facially untimely notice of appeal from that award. Only if and when relief from the finality of the arbitration award is granted on the basis of the Civil Appellate Rule 9(a) factors should a notice of appeal from the arbitration award be filed.

¶ 24 We conclude that the superior court has discretion, under these circumstances, to grant an extension of time for the appeal from the arbitration award under the rationale of Rule 9(a). It is clear on this record that the superior court did not exercise that discretion to grant relief, believing itself without authority to do so. For that reason, we must remand this case for further proceedings in which the issue may be litigated. *See, e.g., Geyler,* 144 Ariz. at 330, 697 P.2d at 1080.

¶ 25 This matter is remanded for a determination by the superior court, in the exercise of its discretion, whether defendants are entitled to file a delayed appeal under the standards set forth herein.

### ATTORNEY'S FEES ON APPEAL

¶ 26 Both parties request attorney's fees on appeal pursuant to Ariz.Rev.Stat.Ann. section 12–349. We find no basis for granting attorney's fees pursuant to that statute in this case and, therefore, deny the request.

### CONCLUSION

¶ 27 For the foregoing reasons, we reverse the trial court's order dismissing defendants' appeal from the arbitration award and remand for further proceedings consistent with this opinion.

CONCURRING: SUSAN A. EHRLICH, Presiding Judge.

THOMPSON, Judge, concurring.

¶ 28 I agree with the majority that appellants are entitled to relief in this case. Because, as the majority notes, Rule 77(g) of the Arizona Rules of Civil Procedure literally does not apply here, I would not attempt to refashion that rule to cover this situation. But because Rule 77(g) does not apply, though its rationale requires consideration in these analogous circumstances, it cannot limit the trial judge's authority to grant relief under Rule 60(c), Arizona Rules of Civil Procedure, from the judgment entered after the arbitrator's decision. Therefore, *Park v. Strick,* 137 Ariz. 100, 669 P.2d 78 (1983), does not inhibit affording relief based on Rule 60(c), and the rationale of Rule 77(g) and Rule 9(a), Arizona Rules of Civil Procedure, clearly supports the remedy we order here.