377 P.3d 336

**SOUTHWEST BARRICADES, L.L.C., an Arizona LLC, Plaintiff/Appellant,**

v.

**TRAFFIC MANAGEMENT, INC., a California corporation, Defendant/Appellee.**

No. 1 CA–CV 14–0678

Court of Appeals of Arizona, Division 1.

FILED 6/9/2016

As Amended 6/10/2016

The Law Office of Scott J. McWilliams, LLC, Phoenix, By Scott J. McWilliams, Lisa C. Boddington, Drew P. Buffington, Counsel for Plaintiff/Appellant

Burke Panzarella Rich, Phoenix, By David T. Panzarella, Elizabeth L. Fleming, Counsel for Defendant/Appellee

Judge John C. Gemmill delivered the opinion of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

## OPINION

GEMMILL, Judge:

¶ 1 Southwest Barricades, L.L.C. ("Southwest") appeals from the final judgment entered after the superior court set aside an arbitration award pursuant to Arizona Rule of Civil Procedure ("Rule") 60(c). For the following reasons, we conclude that Rule 60(c) cannot be used to set aside a compulsory arbitration award. We therefore vacate that portion of the superior court's minute entry filed January 13, 2012 setting aside the arbitration award and all rulings thereafter, including the final judgment against Southwest. We remand for further proceedings consistent with this decision.

## BACKGROUND

¶ 2 Southwest filed a complaint against Traffic Management, Inc. ("TMI") for breach of contract, breach of the implied covenant of good faith and fair dealing, and loss of goodwill involving the rental of, and damage to, an attenuator truck. Given the amount in controversy, the case was subject to compulsory arbitration. After an arbitration hearing, the arbitrator filed his notice of decision in favor of Southwest.

¶ 3 Southwest then asked the arbitrator to award attorney fees, and TMI filed an objection. On June 10, 2011, the arbitrator filed the arbitration award granting Southwest $10,156 in relief and $4000 in attorney fees. TMI had until June 30, 2011 to appeal the arbitration award. Ariz. R. Civ. P. 77(a) (pro-

viding that a party must file an appeal with the superior court within 20 days after filing of an award).

¶ 4 On June 30, 2011, the appeal deadline, TMI's attorney requested a ruling from the arbitrator on its objection to the attorney fees. TMI requested a response before July 5, 2011, believing that was the deadline to appeal the arbitration award. On July 1, 2011, the arbitrator advised that he reviewed and considered the objection before signing and filing the arbitration award. He notified the parties that, if they believed the arbitrator had to "file a written ruling with the court separate and apart from the arbitration award," in order to "pass upon the objection" as required by the Rules, he would "file an order overruling the objection nunc pro tunc effective June 10, 2011." Neither party requested the filing of an amended order. TMI filed its notice of appeal on July 5, 2011—25 days after entry of the arbitration award.

¶ 5 Southwest moved to dismiss the appeal as untimely, and after full briefing, the superior court granted the motion to dismiss the appeal.

¶ 6 TMI then moved for relief from judgment pursuant to Rule 60(c). TMI argued that any mistake in construing the tolling rules to apply to the arbitration appeal deadline constituted excusable neglect. See Rule 60(c)(1). TMI also argued that, after the arbitration hearing, Southwest disclosed new evidence demonstrating it had not suffered any damages, see Rule 60(c)(2), and that Southwest engaged in misconduct by withholding important documents before the arbitration hearing, see Rule 60(c)(3). The superior court granted TMI's motion pursuant to Rule 60(c)(2) and 60(c)(3) and set aside the arbitration award.

¶ 7 Southwest appealed, but we dismissed the appeal because the minute entry granting the motion for relief from judgment was unsigned and there was no judgment entered in the superior court pursuant to Rule 76(c).[1] Southwest then moved to enter judgment on the arbitration award. The superior court

---

1. Rule 76(c) addresses compulsory arbitration and provides that, "[u]pon expiration of the time for appeal, if no appeal has been filed, any party may file to have judgment entered upon the award."

denied the motion to enter the award and Southwest's subsequent motion for reconsideration.

¶ 8 The case ultimately proceeded to a second arbitration hearing and then a jury trial. The jury found in favor of TMI and the court entered judgment for TMI against Southwest.

¶ 9 Southwest timely appeals. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(A)(1).

## ANALYSIS

¶ 10 Southwest argues the superior court erred by granting TMI's Rule 60(c) motion for relief from the arbitration award, meaning the judgment should be vacated. We review de novo questions involving the interpretation or application of a court rule. *Felipe v. Theme Tech Corp.*, 235 Ariz. 520, 524, ¶ 10, 334 P.3d 210 (App. 2014).

¶ 11 Rule 60(c) outlines limited circumstances in which the court will provide relief from a *"final* judgment, order or proceeding." (Emphasis added.) Rule 60(c)'s application is limited to judgments, orders, or proceedings that are final, meaning that all the claims therein are resolved or the court expressly finds there is no just reason for delay and directs entry of judgment pursuant to Rule 54(b). *See Altman v. Anderson*, 151 Ariz. 209, 212, 726 P.2d 625 (App. 1986). This is consistent with numerous federal interpretations of Federal Rule of Civil Procedure 60(b), to which Arizona's Rule 60(c) is substantially similar.[2] "[T]he qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule." Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment; *see also Prudential Real Estate Affiliates v. PPR Realty*, 204 F.3d 867, 880 (9th Cir. 2000) (explaining that an interlocutory order may not be addressed under Rule 60(b)).

¶ 12 Southwest argues the arbitration award was not final and therefore, absent

excusable neglect, *see Jarostchuk v. Aricol Commc'ns, Inc.*, 189 Ariz. 346, 347, 942 P.2d 1178 (App. 1997); *Decola v. Freyer*, 198 Ariz. 28, 33 n. 4, ¶ 21, 6 P.3d 333 (App. 2000), could not be set aside under Rule 60(c). TMI argues that an arbitration award becomes final with the passage of time and can be set aside based on new evidence or misconduct pursuant to Rule 60(c).

¶ 13 We agree that the arbitration award was not final because it did not dispose of any claims between the parties. An arbitration award alone, in the absence of an affirmative act by the court to enter judgment, is not a judgment; a party must apply for entry of judgment under Rule 76(c). *See Phillips v. Garcia*, 237 Ariz. 407, 411–12, ¶¶ 13–16, 351 P.3d 1105 (App. 2015) (interpreting Rule 76(c) and noting that the rules "contemplate three steps leading to a judgment: the arbitrator's notice of decision; the arbitrator's award or other final disposition; and the superior court's entry of judgment."). Because the arbitration award was not a final judgment, the superior court could not set it aside pursuant to Rule 60(c).

¶ 14 TMI's argument that the arbitration award becomes a final judgment with the passage of time is incorrect. A provision in the Rules providing for a self-executing conversion of an arbitrator's award into a judgment in the absence of a timely appeal was removed by amendment in 2007. *Phillips*, 237 Ariz. at 413, ¶ 18, 351 P.3d 1105. Neither Southwest nor TMI requested entry of judgment on the arbitration award before TMI moved to set it aside, and the superior court did not enter judgment on the initial award.

¶ 15 Alternatively, TMI argues that even if an arbitration award is not a "final judgment," it is a final "order" or "proceeding" that permits application of Rule 60(c). We likewise find this argument unpersuasive. The arbitration award was not an "order" signed by a judge. And even though the arbitrator conducted the arbitration to its conclusion and filed an arbitration award, "the arbitrator does not have the power to dispose of the case." *Phillips*, 237 Ariz. at

2. "Arizona courts give great weight to federal court interpretations of the rules of procedure."

*Estate of Page v. Litzenburg*, 177 Ariz. 84, 93, 865 P.2d 128 (App. 1993).

**142**

411, ¶ 14, 351 P.3d 1105 (citing Rule 74, which permits the arbitrator to determine the admissibility of evidence, decide the facts and law of a case, and make legal rulings).

¶ 16 We also reject Southwest's suggestion that Rule 60(c) can be used to set aside non-final arbitration awards in cases of excusable neglect. Southwest relies on two cases, *Jarostchuk* and *Decola*, to argue that a delayed appeal from compulsory arbitration may be allowed in cases of excusable neglect. *See Jarostchuk*, 189 Ariz. at 347, 942 P.2d 1178; *Decola*, 198 Ariz. at 33 n. 4, ¶ 21, 6 P.3d 333. But both *Jarostchuk* and *Decola* were decided under superseded rules permitting compulsory arbitration awards to become final judgments, in contrast to the current rules. *See id.*; *see also Phillips*, 237 Ariz. at 413, ¶ 18, 351 P.3d 1105. Specifically, *Jarostchuk* and *Decola* were decided *before* (1) the 2007 removal of language providing for the self-executing conversion of an arbitrator's award into a judgment, and (2) the 2007 creation of Rule 76(c) requiring application for entry of judgment. Because *Jarostchuk* and *Decola* involved final judgments subject to Rule 60(c), neither case is applicable or persuasive in the situation here, because the compulsory arbitration award was never entered as a final judgment or order.

¶ 17 Because Rule 60(c) does not apply to an arbitration award that has not been entered by the court as a final judgment or order, we conclude the superior court erred in setting aside the arbitration award.[3]

### CONCLUSION

¶ 18 For these reasons, we vacate that portion of the superior court's minute entry

3. Because we conclude the Rule 60(c) issue is dispositive, we need not address the additional arguments presented by the parties in their briefs and in the supplemental briefing ordered by this court. Additionally, we decline to address the issues that may arise upon remand, including:

- May the superior court extend the time for TMI's appeal of the arbitration award under Rule 6(b)?
- What is the effect or application of Rule 76(c)?
- If Southwest applies for entry of judgment on the original arbitration award under Rule 76(c), what should the outcome be?

filed January 13, 2012 setting aside the arbitration award. We also vacate all rulings thereafter, including the final judgment in favor of TMI against Southwest, and we remand for further proceedings consistent with this decision.

¶ 19 Both parties have requested an award of attorney fees on appeal in accordance with A.R.S. § 12–341.01. We deny TMI's request because it is not the successful party on appeal. In our discretion, we also decline to award attorney fees to Southwest. Southwest is, however, entitled to its taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

- If Southwest applies for entry of judgment, what substantive objections may be asserted by TMI?
- What is the effect or application of Rule 76(d)?
- If TMI applies for dismissal of the case under Rule 76(d), what should the outcome be?
- If the case is dismissed under Rule 76(d), should the dismissal be with prejudice or without prejudice?

Although we recognize that guidance on these and other issues may be desirable, such issues have not been fully briefed and are not yet squarely before us, and we refrain from rendering advisory opinions. *See Velasco v. Mallory*, 5 Ariz.App. 406, 410–11, 427 P.2d 540 (1967).