NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JAVIER OROZCO, *Plaintiff/Appellant,*

*v.*

RAMIRO ALVAREZ-CORRALES, *Defendant/Appellee.*

No. 1 CA-CV 16-0113
FILED 12-22-2016

Appeal from the Superior Court in Maricopa County
No. CV2015-001932
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

The Brill Law Firm PLLC, Scottsdale
By Daniel S. Brill
*Counsel for Plaintiff/Appellant*

Jennings Haug & Cunningham LLP, Phoenix
By Laurence R. Sharlot, Robert John Lamb
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Andrew W. Gould and Judge Patricia A. Orozco joined.

---

**S W A N N**, Judge:

¶1  This is an appeal from a judgment concurrently adopting an arbitration award in favor of the plaintiff and imposing a sanction against the plaintiff under Ariz. R. Civ. P. ("Rule") 68(g). The plaintiff contends that the sanction became unavailable after the arbitration proceedings concluded. We disagree. Under the applicable rules of civil procedure, the defendant properly sought the sanction after the arbitration award became final and was entered as a judgment. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2  Javier Orozco ("Plaintiff") filed a negligence action against Ramiro Alvarez-Corrales ("Defendant"). Defendant answered and served an offer of judgment for $7,001 under Rule 68. Plaintiff did not accept the offer, and the matter proceeded to compulsory arbitration under A.R.S. § 12-133 and Rule 72.

¶3  The arbitrator issued a notice of decision finding in favor of Plaintiff in the amount of $2,552.56. Plaintiff thereafter submitted a statement of costs totaling $825, to which Defendant did not object. The arbitrator then filed an award in Plaintiff's favor consistent with the notice of decision and the statement of costs.

¶4  After the time for "appeal" under Rule 77(a) expired, Defendant applied to the superior court for entry of judgment on the award and asked the court to assess $1,449.68 (double Defendant's taxable costs) against Plaintiff as a sanction for Plaintiff's failure to accept the offer of judgment. Over Plaintiff's objection, the court entered judgment on the arbitration award but awarded Defendant the requested sanction. Plaintiff appeals.

## DISCUSSION

¶5  We review de novo the superior court's interpretation and application of the civil procedure rules. *Bradshaw v. Jasso-Barajas*, 231 Ariz.

197, 199, ¶ 5 (App. 2013). We follow the rules' plain language if it is unambiguous. *Id.*

**¶6** Rule 74(g) expressly permits Rule 68 offers of judgment in compulsory arbitration cases. Under Rule 68(g), if the offeree does not accept an offer of judgment and fails to later obtain a "more favorable judgment," he or she must pay a sanction equivalent to the reasonable expert witness fees and double the taxable costs incurred by the offeror after making the offer. The sanction, which serves the purpose of encouraging settlement and eliminating needless litigation, is mandatory. *Arellano v. Primerica Life Ins. Co.*, 235 Ariz. 371, 381, ¶ 48 (App. 2014); *Warner v. Sw. Desert Images, LLC*, 218 Ariz. 121, 138, ¶ 57 (App. 2008). In arbitration cases, "[t]he determination whether a sanction should be imposed . . . shall be made by reference to the judgment ultimately entered." *Bradshaw*, 231 Ariz. at 199–200, ¶ 8; *see also* Rule 68(g)(3).

**¶7** Based on the plain language of Rule 68(g), the question whether a sanction shall be imposed hinges upon comparison of the offer of judgment with the "judgment." *See Metzler v. BCI Coca-Cola Bottling Co. of Los Angeles*, 230 Ariz. 26, 28, ¶¶ 6-7 (App. 2012). An arbitrator's award is not a judgment — the arbitrator lacks authority to dispose of the case. *Sw. Barricades, L.L.C. v. Traffic Mgmt., Inc.*, 240 Ariz. 139, 142, ¶ 13 (App. 2016); *Phillips v. Garcia*, 237 Ariz. 407, 411, ¶ 13 (App. 2015). The arbitrator's award may become a judgment only if, after the time to seek relief from the award has expired under Rule 77(a), a party asks the court to enter judgment on the award and the court affirmatively does so. *See* Ariz. R. Civ. P. 76(c); *Sw. Barricades*, 240 Ariz. at 142, ¶ 13.

**¶8** Consistent with these rules requiring a court-entered judgment before Rule 68 sanctions may be assessed, Rule 74(c)(1)(F) provides that "the arbitrator shall make all legal rulings, including rulings on motions, *except . . . motions for sanctions under Rule 68 of these Rules*." (Emphases added.) But as Plaintiff observes, the applicable version of Rule 76(a) nonetheless provides that the arbitrator may consider a request for sanctions in connection with issuing the award:

> [E]ither party may submit to the arbitrator a proposed form of award or other final disposition, *including any form of award for* attorneys' fees and *costs whether arising out of an offer of judgment,* sanctions or otherwise, . . . . [T]he opposing party may file objections[, and] . . . the arbitrator shall pass upon the objections and file one signed original award or other final disposition.

(Emphases added.)

**¶9**      Rule 76(a) plainly conflicts with Rule 74(c)(1)(F).[1] In view of the conflict, we would not penalize Defendant had he sought and obtained a Rule 68(g) sanction from the arbitrator. But he did not do so, and under the permissive language of Rule 76(a), he was not required to do so. On this record, the conflict created by Rule 76(a) was not implicated.

**¶10**      Defendant's election to seek the sanction post-judgment was proper. We reject Plaintiff's contention that allowing Defendant to seek the sanction from the court promoted unfair "gamesmanship" or "lying in wait." Plaintiff knew of the offer of judgment and elected not to accept it. Rule 68(g) placed Plaintiff on clear notice that if he chose not to seek relief from an arbitration award worth less than the amount of the offer, he risked entry of judgment on that award and the imposition of a mandatory sanction.

## CONCLUSION

**¶11**      We affirm for the reasons set forth above.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1]      Effective January 1, 2017, Rule 76(a) will no longer create a conflict. See 2016 Arizona Court Order 0019 (enacting amended version of Rule 76(a) that does not specifically authorize application for costs arising out of an offer of judgment).