NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ELIZABETH ASHBY, *Plaintiff/Appellee*,

*v.*

ALEXIS CARON BIGLOW, *Defendant/Appellant*.

No. 1 CA-CV 15-0511
FILED 1-24-2017

Appeal from the Superior Court in Maricopa County
No. CV2014-094033
The Honorable David King Udall, Judge

**AFFIRMED IN PART AND DISMISSED IN PART**

COUNSEL

Nathan C. Cooley PLC, Mesa
By Nathan C. Cooley
*Counsel for Plaintiff/Appellee*

Thomas Markson Rubin & Kelley PC, Phoenix
By Neal B. Thomas, Brian D. Rubin, Kristen A. Briney
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

**¶1** Alexis Caron Biglow appeals from a judgment entered following the automatic conversion of an arbitrator's notice of decision to an arbitration award and from the denial of her Motion for Relief from Entry of Judgment. For the following reasons, we affirm in part and dismiss in part.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** Following a compulsory arbitration hearing on Elizabeth Ashby's claims against Biglow, the arbitrator filed a notice of decision in Ashby's favor on March 31, 2015.

**¶3** Because the arbitrator failed to file an arbitration award, the notice of decision automatically converted to an appealable arbitration award on May 21, 2015. Ariz. R. Civ. P. 76(b) (providing for the automatic conversion of the notice of decision to an arbitration award when the arbitrator fails to file an arbitration award within 50 days of the filing of the notice of decision).[1]

**¶4** Biglow had until June 10, 2015 to appeal the arbitration award to the superior court. Ariz. R. Civ. P. 77(a) (permitting a party to appeal to the superior court within 20 days after automatic conversion). Biglow did not timely appeal.

**¶5** Ashby moved for entry of judgment on June 14, 2015. Biglow appealed the arbitration award to the superior court on June 15, 2015. On June 17, 2015, Biglow opposed entry of judgment and moved to enlarge the time to appeal from the arbitration award. The superior court denied

---

[1] We cite to the former applicable rules. Effective January 1, 2017, some of the rules have substantively changed and appear in different locations.

Biglow's appeal as untimely, denied time-extending relief, and entered final judgment.

**¶6**　　　　After appealing to this court, Biglow moved to set aside the judgment pursuant to Arizona Rule of Civil Procedure 60(c), which the superior court denied. Biglow filed a subsequent notice of appeal from that denial.

## DISCUSSION

**A.　　Denial of Request for Time-Extending Relief.**

**¶7**　　　　Biglow argues the superior court erred in denying her request to extend the time to appeal the arbitration award.[2] We have jurisdiction over Biglow's timely appeal from the judgment pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1). We review for abuse of discretion the court's denial of time-extending relief. *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 549, ¶ 22 (App. 2008). We review *de novo* the application or interpretation of court rules. *Id.*

**1.　　The Superior Court Did Not Err in Denying Time-Extending Relief Following the Automatic Conversion of the Notice of Decision to an Arbitration Award Pursuant to Rule 76(b).**

**¶8**　　　　Relying on *Decola v. Freyer*, 198 Ariz. 28, 33–34, ¶¶ 22, 24 (App. 2000), Biglow argues the superior court erred by denying her motion for time-extending relief because the arbitrator failed to file the arbitration award. In *Decola*, this court concluded that the superior court had the discretion to grant an extension of time to appeal an arbitration award when the parties did not receive notice of the filing of the award because the arbitrator failed to mail copies to all parties as required by the Uniform Rules of Procedure for Arbitration then in effect. *Decola*, 198 Ariz. at 34, ¶ 24.

---

[2]　　We do not address Biglow's argument that Rule 76(b) is unconstitutional as a violation of due process or jury trial rights. Because Biglow failed to raise this argument before the superior court, she waives it on appeal. *Romero v. Sw. Ambulance*, 211 Ariz. 200, 204, ¶ 7 (App. 2005) (noting the failure to raise issue in superior court waives the issue on appeal).

**¶9** Biglow notes that the arbitrator stated she would file an arbitration award, and Biglow was waiting for that filing before appealing. Biglow contends she was unaware that the notice of decision had automatically converted to an arbitration award and claims the clerk had a duty to inform the parties about the automatic conversion.[3] Relying on *Decola*, Biglow thus argues she lacked notice of the arbitration award.

**¶10** We find Biglow's argument unavailing. *Decola* addressed the superior court's discretion to grant an extension of time to appeal from an arbitration award before the integration of the Uniform Rules of Procedure for Arbitration into the Arizona Rules of Civil Procedure ("Rules") in 2000 and before the 2007 amendments to the Rules. *See Sw. Barricades, L.L.C. v. Traffic Mgmt., INC.*, 240 Ariz. 139, 142, ¶ 16 (App. 2016). In contrast to the Uniform Rules of Procedure for Arbitration in effect at the time this court decided *Decola*, the Rules now mandate the *automatic* conversion of the notice of decision to an arbitration award if the arbitrator fails to file the award within 50 days from the date of filing the notice of decision. Ariz. R. Civ. P. 76(b) (effective Jan. 1, 2008). The very failure of the arbitrator to file the award within 50 days from the date of filing the notice of decision, which Biglow does not deny receiving, constituted notice that, on the 51st day thereafter, the notice of decision would automatically be converted to an arbitration award. Ariz. R. Civ. P. 76(b). The Rules do not require the clerk to notify the parties of the automatic conversion. *See id.*

**¶11** Biglow maintains that the superior court's ruling contravened the policy of the Rules to maximize the likelihood of a decision on the merits and instead erroneously encourages "litigants to lie in wait for their opponents to miss a deadline." *Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 287 (1995). But the policy behind the Rules governing mandatory arbitration— and indeed every civil action—is to "secure the just, speedy, and inexpensive determination of every action." Ariz. R. Civ. P. 1; *Goldsberry v. Hohn*, 120 Ariz. 40, 44 (App. 1978) ("the object of arbitration is to finally dispose of differences between parties in a speedier and less expensive manner than normal court proceedings"). Even though the Rules require the arbitrator to file an arbitration award after passing on any objections to

---

[3] In its ruling granting Ashby's application for entry of judgment and denying Biglow's motion to extend the time to appeal, the superior court advised the parties that the Civil Court Administration Arbitration Desk designated the notice of decision as the Arbitration Award on May 21, 2015. The docket does not reflect this designation.

proposed forms of award submitted by the parties, Ariz. R. Civ. P. 76(a), the automatic conversion of the notice of decision to an arbitration furthers the policy of securing the speedy determination of mandatory arbitration actions.[4] Thus, the court did not abuse its discretion in denying time-extending relief following the automatic conversion of the notice of decision to an arbitration award.

**2.      The Superior Court Did Not Err by Denying Time-Extending Relief Pursuant to Rule 6(b) in the Absence of Excusable Neglect.**

¶12      Next, Biglow claims the superior court abused its discretion by denying her Motion to Enlarge the Time to Appeal pursuant to Rule 6(b).

¶13      Rule 6(b) provides:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(d), (g) and (*l*), and 60(c), except to the extent and under the conditions stated in them, unless the court finds (a) that a

---

[4]      The Rules permit parties to submit proposed forms of award to the arbitrator following a notice of decision, but it is not required. Ariz. R. Civ. P. 76(a). The Rules are silent as to the arbitrator's duty if no party submits a proposed form of award. If the parties do file a proposed form of award, the Rules require the arbitrator to pass on objections to proposed forms of awards and then file an arbitration award and deliver copies to the parties. *Id*. The arbitrator's failure to pass on objections or to file the award does not leave the parties in limbo, however, because the notice of decision automatically converts to an arbitration award on the 51st day. Ariz. R. Civ. P. 76(b).

party entitled to notice of the entry of judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and (b) that no party would be prejudiced, in which case the court may, upon motion filed within thirty days after the expiration of the period originally prescribed or within 7 days of receipt of such notice, whichever is earlier, extend the time for taking such action for a period of 10 days from the date of entry of the order extending the time for taking such action.

**¶14**        Following the automatic conversion of the notice of decision to an arbitration award on May 21, 2015, Biglow had 20 days to appeal pursuant to Rule 77(a). Biglow waited to request time-extending relief until after the 20-day time limit set forth in Rule 77(a) expired. Although the plain language of Rule 6(b) expressly conditions a time extension on a finding of excusable neglect in cases when, as here, the expiration of the time to act has expired, Biglow argues she did not need to show her failure to timely appeal was the result of excusable neglect, relying on *Haroutunian*, 218 Ariz. at 544-45, ¶ 7.

**¶15**        *Haroutunian* analyzed a Rule 6(b) request for time-extending relief to file post-trial motions after the court clerk failed to provide notice of entry of judgment to the parties. 218 Ariz. at 544, 551, ¶¶ 4, 27. *Haroutunian* concluded that Rule 6(b) does not require a showing of excusable neglect for failing to take action when a party satisfies the two express notice and prejudice requirements listed in the latter part of Rule 6(b). *Id*. at 551, ¶ 28.

**¶16**        We decline to interpret *Haroutunian* as eliminating the excusable neglect requirement for failing to timely act in cases other than filing post-trial motions. *Haroutunian's* holding is limited to cases where a party fails to take action timely under Rules 50(b), 52(b), 59(d), (g) and (*l*), and 60(c). *See* 218 Ariz. at 551, ¶ 28. Because Biglow sought to extend the time to appeal set forth in Rule 77(a), a rule not within the scope of *Haroutunian's* holding, we hold the superior court could only grant time-extending relief on a showing of excusable neglect.

**¶17**        To the extent Biglow argues she met the excusable neglect standard warranting an extension of time pursuant to Rule 6(b), we reject

her argument.[5] Neglect is excusable when "the neglect or inadvertence is such as might be the act of a reasonably prudent person under the same circumstances." *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 120 (1957) (citation omitted). This test has been applied on a case-by-case basis in cases of clerical and secretarial error, and legal error where the state of the law is "muddled or confused." *Ellman Land Corp. v. Maricopa County*, 180 Ariz. 331, 339–40 (App. 1994) (noting case-by-case application and that neglect may be excusable if due to legal error in certain cases); *City of Phoenix v. Geyler*, 144 Ariz. 323, 332 (1985) (declaring a lawyer's misreading of date on minute entry was a type of clerical error constituting excusable neglect); *Coconino*, 83 Ariz. at 121 (a secretary's failure to distribute calendar sheet containing reminder of answer deadline was excusable neglect).

¶18　　　　In the absence of muddled or confusing law, however, legal error or ignorance of the law is not excusable neglect. *Ellman*, 180 Ariz. at 340; *Daou v. Harris*, 139 Ariz. 353, 359–60 (1984) (legal error in believing an answer is not required when an action is filed in a county other than county of residence is not excusable neglect); *Maher v. Urman*, 211 Ariz. 543, 550–51, ¶¶ 22–23 (App. 2005) (a failure to serve based on ignorance of Rule 4(i) is not excusable neglect); *Jarostchuk v. Aricol Comm's, Inc.*, 189 Ariz. 346, 349 (App. 1997) (a secretary's failure to understand timing rule is not excusable neglect, but legal error).

¶19　　　　Biglow argues her neglect was excusable because the arbitrator stated she would file an arbitration award and Biglow's attorney was waiting to file the appeal until the arbitrator did so. Biglow relies on *Addison v. Cienega, Ltd.* in support of her argument that the conduct was excusable. 146 Ariz. 322 (App. 1985). In *Addison*, while checking to see if the answer fee had already been paid, the defense attorney became distracted and failed to answer, resulting in a default judgment. *Id.* at 323. The superior court granted the defendant's motion to set aside the default. *Id.* We upheld the trial court's finding of excusable neglect based on the attorney's distraction, noting that the plaintiff's attorney made no effort to reach defense counsel before seeking default. *Id.* at 324.

---

[5]　　　　Although not stated in its ruling, we infer from the court's denial of the motion to extend time that it found no excusable neglect. *Wippman v. Rowe*, 24 Ariz. App. 522, 525 (1975) (stating an appellate court may "infer from any judgment the findings necessary to sustain it if such additional findings do not conflict with express findings and are reasonably supported by the evidence.") (citation omitted).

¶20        *Addison* does not support Biglow's argument because she does not argue distraction. Instead, Biglow characterizes her reliance on the arbitrator's statement that she would file an arbitration award and subsequent decision to wait to appeal until the arbitrator did so as "misconstru[ing] the deadline to appeal." Rule 76(b) clearly mandates the automatic conversion of the notice of decision to an arbitration award in 50 days if the arbitrator fails to file the award. Given the automatic conversion, the arbitrator did not need to file an arbitration award, and the arbitrator's apparent failure to file the award, even if she stated she would file one, can still be interpreted as fitting within the ambit of the language of the rule. While Ashby's attorney could have brought the automatic conversion and impending appeal deadline to Biglow's attention, Biglow bore the burden of appealing from the arbitration award. *See Suppeland v. Nilz*, 128 Ariz. 43, 45 (App. 1980). Parties involved in arbitration proceedings may "waive[] their right to jury trials through their disregard for court procedure." *See Graf v. Whitaker*, 192 Ariz. 403, 407, ¶¶ 15–16 (App. 1998) (construing the former arbitration rules). Ultimately, Biglow did not timely appeal the arbitration award. In the absence of a finding of excusable neglect, the superior court did not abuse its discretion in denying Biglow's motion to extend the time to appeal.

## B.        Denial of Rule 60 Motion.

¶21        Biglow also appeals the denial of her Rule 60 motion. However, the superior court's denial is void because Biglow's notice of appeal from the judgment divested the superior court of jurisdiction to rule on the subsequently filed motion. *In re Marriage of Johnson v. Gravino*, 231 Ariz. 228, 230, ¶ 6 (App. 2012). Because the filing of the appeal divested the superior court of jurisdiction to issue its denial, the denial was a nullity and we dismiss that portion of Biglow's appeal. *McHazlett v. Otis Eng'g Corp.*, 133 Ariz. 530, 531 (1982).

## CONCLUSION

**¶22** For the foregoing reasons, we affirm the judgment and dismiss Biglow's appeal from the denial of her Rule 60 motion. In our discretion, we deny Ashby's request for attorney's fees but award her costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA