NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SANTA SALUCCI, *Plaintiff/Appellee,*

*v.*

ARZ PARTNERS LP, et al., *Defendants/Appellants*

No. 1 CA-CV 18-0521
FILED 12-3-2019

Appeal from the Superior Court in Maricopa County
No. CV 2016-054933
The Honorable Cynthia J. Bailey, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Winsor Law Firm PLC, Scottsdale
By Joseph Urtuzuastegui, Mark A. Winsor
*Counsel for Defendants/Appellants*

Radix Law PLC, Scottsdale
By John T. Gilbert, Stephanie A. Webb
*Counsel for Plaintiff/Appellee*

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Michael J. Brown joined.

C A M P B E L L, Judge:

¶1        ARZ Partners LP ("ARZ"), ARZ Group, LLC, Pamela Gorrie, and Sandra Ryan (collectively, "the defendants") appeal from the superior court's entry of summary judgment in favor of Santa Salucci and Michael Borrelli (collectively, "the Investors") as well as its order denying the defendants' motion for relief from judgment. For the following reasons, we affirm the superior court's entry of summary judgment in part, vacate it in part, and remand for further proceedings consistent with this decision.

## BACKGROUND

¶2        After attending a real estate investment seminar, the Investors entered an oral contract with Gorrie and Ryan to purchase, rehabilitate, and sell a residential property ("the property"). Under the contract, the Investors agreed to contribute $100,000 toward the parties' joint venture, with the assurance they would recover their capital contribution plus 25% of any net profits when the property sold. Shortly thereafter, the oral agreement was reduced to a written contract between the Investors and ARZ. Gorrie signed on ARZ's behalf and Salucci signed on behalf of the Investors. The written agreement included an express guarantee that the Investors would recoup their entire cash outlay when the property sold.

¶3        Within days of securing the Investors' money, ARZ closed on its purchase of the property. Approximately nine months later, ARZ refinanced the property and withdrew $75,543.14 in equity. Nine months later, the property was sold at a trustee's sale. Despite its guarantee, ARZ failed to return the Investors' $100,000 contribution

¶4        Alleging the defendants had misappropriated the $100,000 capital contribution for their own use, the Investors filed a complaint asserting five claims: (Count One) fraud in the inducement; (Count Two) declaratory judgment for rescission of the contract; (Count Three) breach of fiduciary duty; (Count Four) breach of contract and breach of the implied covenant of good faith and fair dealing; and (Count Five) unjust

enrichment. After the defendants answered, denying all the allegations specific to the claims, the Investors moved to amend the complaint to add a claim for constructive trust (Count Six), which the superior court granted. Despite written notice, the defendants never responded to the amended complaint and, specifically, failed to respond to the new constructive trust allegation. When the Investors subsequently moved for partial summary judgment with respect to Counts One, Two, Four, and Five, the defendants did not respond.

¶5        Considering "all facts and reasonable inferences flowing from those facts in the light most favorable" to the defendants, the superior court found there were "no genuine issues of material fact" and concluded that the defendants had induced the Investors to contribute $100,000 to the project, borrowed against the property, and retained the loan proceeds leaving little or no equity in the property. ARZ then abandoned the property, resulting in a foreclosure event, causing the Investors' financial loss. The Investors' summary judgment motion did not include counts three and six of the amended complaint. The court did not find any facts in dispute and granted summary judgment on Counts One, Two, Four, and Five of the Investors' amended complaint.

¶6        After the Investors submitted their application for attorney fees and costs, the defendants moved for relief from judgment pursuant to Arizona Rule of Civil Procedure ("Rule") 60(b), without identifying any applicable subsection. Applying Rule 60(b)(6)—the catch-all provision—the superior court found the defendants had "failed to make any credible argument for the lack of response to the [Investors'] Motion for Summary Judgment" and denied the motion for relief from judgment. Subsequent to its Rule 60(b) ruling, the court entered a Rule 54(b) final judgment granting summary judgment in favor of the Investors and awarding them their reasonable attorney fees and costs. The defendants timely appealed.

## DISCUSSION

¶7        The defendants contend the superior court erred in denying their motion for relief from judgment. The defendants argue the court applied an incorrect legal standard by finding they had failed to demonstrate "extraordinary circumstances" justifying relief from judgment. According to the defendants, they needed only to provide "evidence of a meritorious defense" to prevail on their Rule 60(b)(6) motion. Because the defendants moved for Rule 60(b) relief before the superior court entered a final judgment, however, we do not consider the merits of this argument.

**¶8**        Although the defendants titled their motion as one requesting relief from judgment pursuant to Rule 60(b), that rule only allows a motion for relief from a *final* order, judgment or proceeding. *Southwest Barricades, L.L.C. v. Traffic Management, Inc.*, 240 Ariz. 139, 141, ¶ 11 (App. 2016) ("Rule 60[(b)]'s application is limited to judgments, orders, or proceedings that are final."). Because the court had not yet entered a final judgment when the motion was filed, the defendants' motion was in substance—though not in form—a motion for reconsideration. Therefore, distilled, the sole issue on appeal is whether the superior court properly entered partial summary judgment in favor of the Investors.

**¶9**        On that point, the defendants assert genuine issues of material fact precluded summary judgment. They also argue that Counts One, Two, Four and Five presented alternative, irreconcilable claims and summary judgment on these claims was therefore improper as a matter of law.

**¶10**       Summary judgment is appropriate if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  Ariz. R. Civ. P. 56(a).  Conversely, if there are material facts upon which reasonable people could reach different conclusions, summary judgment is not appropriate.  *Gulf Ins. Co. v. Grisham*, 126 Ariz. 123, 124 (1980).  In deciding a motion for summary judgment, courts make no distinction between direct and circumstantial evidence. *Mobilisa, Inc. v. Doe*, 217 Ariz. 103, 113, ¶ 34 (App. 2007).

**¶11**       We review *de novo* the grant of summary judgment, viewing the facts and all reasonable inferences therefrom in the light most favorable to the party against whom judgment was entered. *Felipe v. Theme Tech Corp.*, 235 Ariz. 520, 528, ¶ 31 (App. 2014) (citation omitted). "Summary judgment should be granted 'if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense.'" *Aranki v. RKP Invs., Inc.*, 194 Ariz. 206, 208, ¶ 6 (App. 1999) (quoting *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990)). While an opposing party may not rely merely on unsworn general denials in its own pleadings, a court may not grant summary judgment based on the failure of a non-moving party to respond and must consider the entire record to determine whether the moving party is entitled to judgment as a matter of law. *Schwab v. Ames Const.*, 207 Ariz. 56, 59–60, ¶ 15 (App. 2004). On review, we may affirm the superior court's summary judgment ruling "if it is correct for any reason apparent in the record." *Forszt v. Rodriguez*, 212 Ariz. 263, 265, ¶ 9 (App. 2006).

¶12          To prove a breach of contract, a party must demonstrate: (1) the existence of a contract; (2) breach of that contract; and (3) resulting damages. *Thomas v. Montelucia Villas, LLC*, 232 Ariz. 92, 96, ¶ 16 (2013). In this case, there is no dispute that the Investors entered a joint venture agreement with ARZ to purchase, rehabilitate, and sell the property.[1] Pursuant to the express terms of that contract, ARZ guaranteed that the Investors' capital contribution of $100,000 would be returned when the property sold. Notwithstanding this guarantee, ARZ failed to return the monies to the Investors after the trustee's sale, resulting in their $100,000 loss.

¶13          Although no genuine issues exist regarding the existence of the contract, breach of that contract, and resulting damages, the defendants raise several challenges to the superior court's entry of summary judgment on the breach of contract claim. First, the defendants contend the Investors' breach of contract claim was unripe when the Investors filed the complaint because the property had not yet been sold at that time. While the defendants could have moved to dismiss the complaint as unripe, they failed to do so and instead acknowledged the superior court's jurisdiction over the matter in their answer. Equally important, there is no question that by the time the court entered partial summary judgment in the Investors' favor, the property had been sold and the Investors' loss fully realized. Therefore, the defendants' ripeness claim is moot.

¶14          Second, the defendants contend that the Investors are not real parties in interest because ARZ executed a second joint venture agreement, replacing the first, with SBDA Arizona, Inc. rather than with the individual Investors. Again, the defendants could have moved to dismiss the complaint on this basis but failed to do so. More importantly, the defendants have failed to produce any evidence of this purported superseding agreement or respond to the motion for summary judgment. Therefore, on this record, the superior court did not err by finding, as a matter of law, that the Investors suffered a $100,000 loss as a result of ARZ's breach.

---

[1]     Noting that Salucci, alone, signed the contract with ARZ, the opening brief states that the Investors "did not allege how" Borrelli "could be a real party in interest." Other than this fleeting statement, however, the defendants do not dispute that Borrelli was a party to the contract. To the contrary, the defendants acknowledge that it "is not contested that the *Investors* entered into the [c]ontract with ARZ Partners." (emphasis added.)

¶15 The defendants further contend, however, that ARZ, alone, contracted with the Investors and that Gorrie and Ryan, in their individual capacity, were not parties to the joint venture agreement. The written contract clearly reflects that ARZ entered the joint venture agreement, with Gorrie signing on ARZ's behalf. Gorrie and Ryan were not identified in the contract nor did they sign in their individual capacities. Because neither Gorrie nor Ryan are named contracting parties, at this stage of the proceedings, the Investors have failed to show that they are entitled to judgment as a matter of law against Gorrie and Ryan, individually, on their breach of contract claim. In other words, the record does not reflect that Gorrie and Ryan, in their individual capacity, contracted with the Investors.

¶16 Furthermore, entry of summary judgment in the Investors' favor on Counts Two, declaratory relief seeking to rescind the contract, and Five, unjust enrichment, are irreconcilable with summary judgment on Count Four, breach of contract, and we vacate the entry of summary judgment on those counts accordingly. Finally, at this stage of the proceedings, genuine issues of fact regarding Gorrie and Ryan's alleged false representations outside the contract preclude summary judgment on the claim of fraudulent inducement, and we likewise vacate entry of summary judgment on Count One.

## CONCLUSION

¶17 For the foregoing reasons, we affirm the superior court's entry of summary judgment on Count Four, breach of contract. We vacate the grant of summary judgment on Count One, fraudulent inducement; Count Two, declaratory relief; and Count Five, unjust enrichment. We remand for further proceedings consistent with this decision. Although the defendants request an award of their attorney fees and costs incurred on appeal pursuant to A.R.S. § 12-341, they have not prevailed on the contract claim

and we deny their request. Citing ARCAP 21, the Investors likewise request an award of their reasonable attorney fees and costs incurred on appeal. Because ARCAP 21 does not provide a substantive basis for an attorney fees award, we deny that request. Having predominantly prevailed, however, the Investors are entitled to an award of their costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA